## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARCIA GAALSWYK-KNETZKE,**
**individually and on behalf of all others**
**similarly situated,**

       **Plaintiff,**

**v.**

**THE RECEIVABLE MANAGEMENT**
**SERVICES CORPORATION, a**
**Delaware Corporation**

       **Defendant.**
_____/

**CASE NO.:**_____

**CLASS ACTION COMPLAINT**
**FOR UNLAWFUL DEBT**
**COLLECTION PRACTICES**

**JURY TRIAL DEMANDED**

    **COMES NOW** Plaintiff, Marcia Gaalswyk-Knetzke, individually and on behalf of all others similarly situated, by and through the undersigned law firm and sues Defendant, The Receivable Management Services Corporation, a Delaware corporation, and alleges, upon knowledge as to herself and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this class action on her own behalf and on behalf of all others similarly situated pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA") and Fed.R.Civ.P. 23.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.      Venue is proper in this District because the acts, transactions and occurrences giving rise to this cause of action occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4.      Plaintiff, Marcia Gaalswyk-Knetzke ("Plaintiff"), is a natural person who is a resident of the City of Lutz, County of Hillsborough, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and Fla. Stat. §559.55(2).

5.      Defendant, The Receivable Management Services Corporation ("RMS" or "Defendant"), is a Delaware corporation doing business in the Cities of Tampa, Lithia and Lutz, County of Hillsborough, State of Florida and is a "debt collector" as that term is defined by 15 U.S.C §1692a(6) and Fla. Stat. §559.55(6) and a "person" as that term is defined by Fla. Stat. § 559.72.

## CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a statewide class action, pursuant to Fed.R.Civ.P. 23, on their own behalf and on behalf of all others similarly situated consumers, who have received debt collection notices and/or letters from RMS, while residing in the State of Florida, which are in violation of the FDCPA and FCCPA, within one (1) year and five (5) days of the date of the complaint as to the FDCPA claims and within two (2) years of the date of the complaint as to the FCCPA claims, together with their successors in interest (the "Consumer Class").

7.      There are questions of law and fact which are common to the Consumer Class and which predominate over questions affecting any individual Consumer Class member.

8.      Specifically, these common questions of law and fact include, without limitation: (a) Whether RMS violated the provisions of the FDCPA, including without limitation, 15 U.S.C.

§ 1692g(a); (b) Whether RMS violation the provisions of the FCCPA, including without limitation, Fla. Stat. § 559.72; (c) Whether Plaintiff and the Consumer Class have sustained damages and are entitled to restitution as a result of Defendant's violations of the FDCPA and the FCCPA and, if so, what is the appropriate measure of those damages; and, (d) Whether Plaintiff and the Consumer Class have been injured by Defendant's violations of the FDCPA and FCCPA.

9.     Plaintiff's claims are typical of the claims of the Consumer Class, and Plaintiff has no interest adverse or antagonistic to the interests of other members of the Consumer Class.

10.     Plaintiff will fairly and adequately protect the interests of the Consumer Class and has retained experienced counsel, competent in the prosecution of class action litigation.

11.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

12.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

13.     Class treatment will also permit the adjudication of relatively small claims by many Consumer Class members who could not otherwise afford to seek legal redress for the Defendant's violations of the FDCPA and FCCPA.

14.     Absent a class action, the Consumer Class members will continue to have their statutorily protected rights violated and to suffer damages.

15.     Defendant's actions are generally applicable to the entire Consumer Class and accordingly, the relief sought is appropriate with respect to the entire Consumer Class.

## FACTUAL ALLEGATIONS

16.     On or about March 17, 2007, RMS mailed a form collection letter to Plaintiff, at her residence, demanding payment of a debt allegedly owed to UnitedHealthcare FL ("UnitedHealthcare"), (the "March 17, 2007 Form Collection Letters").

17.     On or about March 31, 2007, Defendant mailed an additional form collection letters to Plaintiff, at her residence, again demanding payment of the debt allegedly owed to UnitedHealthcare, (the "March 31, 2007 Form Collection Letters").

18.     On or about April 14, 2007, RMS mailed form collection letters to Plaintiff, at her residence, again demanding payment of the debt allegedly owed to UnitedHealthcare, (the "April 14, 2007 Form Collection Letters" together with the March 17, 2007 Form Collection Letter and the March 31, 2007 Form Collection Letter are collectively, the "Form Collection Letters"). (Copies of the Form Collection Letters together with the envelopes in which they were mailed, where available, are attached hereto as **Composite Exhibit "A"**).[1]

19.     Plaintiff received the Form Collection Letters.

20.     UnitedHealthcare is a "creditor" as that term is defined by 15 U.S.C. §1692a(4) and Fla. Stat. § 559.55(3).

21.     The debts RMS alleges to be due and owing to UnitedHealthcare in the Form Collection Letters are "debts" as that term is defined by 15 U.S.C. §1692a(5).

22.     The Form Collection Letters from Defendant state in pertinent part on the reverse side of each page:

> ***If this is the first written notice you have received from this office in regard to the debt referred to on the other side of this letter and this is a consumer debt, then***:
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If

---

[1]  Plaintiff has redacted address and claim number information from Composite Exhibit "A" in order to avoid public disclosure of this personal information.

you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name address of the original creditor, if different from the current creditor.[2]

23.     The quoted material in the previous paragraph, along with all other text contained on the reverse side of the Form Collection Letters, is printed in light grey ink which makes it extremely difficult to read.

24.     The Form Collection Letters are printed on a low quality, thin and transparent paper which allows the material in darker print on the front side of the Form Collection Letters to "bleed through", thus further obscuring the quoted material in paragraph 22 which is printed in light grey ink on the reverse side.

## COUNT I – VIOLATION OF THE FDCPA, 15 U.S.C. § 1692 *et seq.*

25.     This is an action against RMS for violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

26.     Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24) as if fully set forth herein.

27.     15 U.S.C. § 1692g provides, in pertinent part, as follows:

(a) **Notice of Debts; contents –** ***Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication*** or the consumer has paid the debt, send the consumer a written notice containing –

     (1)    the amount of the debt;
     (2)    the name of the creditor to whom the debt is owed;
     (3)    a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
     (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy

---

[2] All emphasis in quoted materials contained in this Complaint is added by Plaintiff unless otherwise noted.

of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28.    15 U.S.C. § 1692g(a) mandates: (a) the timetable pursuant to which RMS must give the validation notice; (b) the circumstances under which the validation notice must be given by RMS; and, (c) the substance of the debt validation notice that RMS was required to give to Plaintiff.

29.    The Defendant's Form Collection Letters violate 15 U.S.C. § 1692g(a) because the Form Collection Letters misinformed, misled and confused Plaintiff as to the full extent of her rights, thereby contradicting and overshadowing the statutory language of the FDCPA.

30.    First, the Defendant's Form Collection Letters violate 15 U.S.C. § 1692g(a) because they fail to unequivocally provide the mandatory debt validation notice to Plaintiff; instead, the Form Collection Letters condition the applicability of the debt validation notice on the existence of the conditions precedent that the Form Collection Letters were the "***first written notice(s)***" and that the debt, or debts, referenced by RMS in the Form Collection Letters are also "***consumer debt(s)***".

31.    RMS, rather than conducting any due diligence to determine whether the Form Collection Letters were the "***first written notice(s)***" to Plaintiff or that the debts referenced therein are "***consumer debt(s)***", instead just sent the Form Collection Letters to Plaintiff, leaving it up to her to determine whether or not she was in fact entitled to receive the mandatory debt validation notice or she should instead stop reading the Form Collection Letters after the misleading conditional introduction which precedes and overshadows the validation notice located further down the page.

32.     By conditioning the applicability of the debt validation notice in the Form Collection Letter, RMS impermissibly shifted its statutory obligations under the FDCPA to Plaintiff, thus requiring Plaintiff to bear the burden of making these complicated legal judgments as to the nature of the underlying debt as consumer or non-consumer and difficult factual determinations regarding whether or not this is the first written notice which are both more easily ascertained by, and squarely within the province of, RMS or the attorneys in its employ.

33.     The patent absurdity of Defendant's shifting its statutory obligations under the FDCPA to Plaintiff is underscored by the existence of extensive jurisprudence debating whether a particular debt is, or is not, a "consumer debt".   RMS cannot seriously contend that their requiring the Plaintiff to engage in and resolve this debate with respect to the debt she allegedly owes in order to determine whether or not she is entitled to receive the overshadowed debt validation notice which follows this conditional language is anything but misleading and confusing to Plaintiff when viewed under the applicable "least sophisticated consumer" standard.

34.     Upon information and belief Defendant's motive for conditioning the applicability of the of the debt validation notice in the Form Collection Letter and shifting its statutory obligations to Plaintiff, and others similar situated, is to increase its own profitability.

35.     By wrongfully requiring Plaintiff, other similarly situated, to determine whether or not the particular debt at issue is a "consumer debt" rather than undertaking this analysis itself as required by 15 U.S.C. § 1692g, Defendant avoids the expense paying its lawyers, employees or vendors to review the accounts it is attempting to collect and determine whether or not a particular debt is a "consumer debt".

36.     Second, the Defendant's Form Collection Letters violate 15 U.S.C. § 1692g(a) because, the FDCPA requires RMS to provide the debt validation notice "***within five (5) days***

*after the initial communication with a consumer ... unless the following information is contained in the initial communication*", not in the "the first ***written notice***" as set forth in the Form Collection Letters.

37.    15 U.S.C. § 1692a(2) defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person ***through any medium***".

38.    Defendant's use of the limiting phrase "If this is the first ***written notice***" is an inaccurate recitation of the circumstances that trigger Defendant's obligation to give the required debt validation notice, in so far as it omits any reference to other communications in the preceding five (5) days through mediums other than writing.

39.    While 15 U.S.C. § 1692g(a) may not have mandate that RMS disclose to Plaintiff the triggering circumstances under which they were required to provide Plaintiff with the debt validation notice, by electing to do so, RMS at minimum had an obligation to fully and accurately disclose these circumstances.

40.    Instead, RMS selectively chose only to inaccurately disclose only a portion of the circumstances under which they were required furnish the debt validation notice thereby confusing and misleading Plaintiff into believing that the validation notice was only required in the "first written notice" rather than "within five (5) days after the initial communication (through any medium, not just writing) with a consumer ... unless the following information is contained in the initial communication".

41.    The incomplete and erroneous statements used by RMS in its Form Collection Letters erroneously created the impression that RMS had complied with the debt validation notice requirements of the FDCPA.

42.     Third, the required debt validation notice is printed on the back side of the Form Collection Letter in light grey ink which makes it nearly illegible.

43.     The use of faint grey ink by RMS, detracts attention from this part of the Form Collection Letter in as much as this text is much more difficult to read that the text used to convey the information regarding the alleged debt on the front of the letter, thereby undercutting and overshadowing the debt validation notice in violation of 15 U.S.C. § 1692g.

44.     Furthermore, Defendant's use of low quality, thin and transparent paper which allows the material in darker print on the front side of the Form Collection Letters to "bleed through", thus further obscuring the debt validation notice which is printed in light grey ink on the reverse side.

45.     Upon information and belief, Defendant's motive in using light grey ink and low quality, thin and transparent paper is to increase its own profitability.  Had Defendant chose to more effectively convey the debt validation notice required by 15 U.S.C. § 1692g by utilizing a thicker, higher grade paper and darker ink, their costs for sending the Form Collection Letters would have substantially increased.

46.     All conditions precedent to the maintenance of this action, have been performed, have occurred, or have been waived.

47.     As a result of Defendant's violations of the FDCPA, Plaintiff have been damaged and are entitled to: (a) actual damages pursuant to 15 U.S.C. §1692k(a)(1); (b) statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and (B); and, (3) reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

**WHEREFORE**, Plaintiff respectfully request this Court to enter a judgment against Defendant in their favor finding that Defendant has violated the FDCPA; awarding Plaintiff their

actual damages, statutory damages, attorneys' fees and cost, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II – VIOLATION OF THE FCCPA, Fla. Stat. § 559.55 *et seq.*

48.     This is an action against RMS for violations of the FCCPA, Fla. Stat. § 559.55 *et seq.*

49.     Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24), twenty-seven (27) through thirty-five (35), and forty-two (42) through forty-five (45) as if fully set forth herein.

50.     Fla. Stat. § 559.72 provides, in pertinent part, as follows:

In collecting consumer debts, no person shall:
(7) ... willfully engage in ... conduct which can reasonably be expected to abuse or harass the debtor ...

51.     RMS knew or should have known that the willful and impermissible shifting of its statutory obligations under the FDCPA to Plaintiff together with its use barely legible light grey ink and low quality, thin and transparent paper to give the required debt validation notice would abuse or harass the Defendants and such conduct did in fact, abuse and harass Defendants.

52.     Accordingly, Defendant has violated Fla. Stat. § 559.72(7).

53.     Fla. Stat. § 559.72 provides, in pertinent part, as follows:

In collecting consumer debts, no person shall:
(9) ... assert the existence of some ... legal right when such person knows that the right does not exist.

54.     By willfully and impermissibly shifting its statutory obligations under the FDCPA to Plaintiff to determine the nature of the underlying debt as consumer or non-consumer and further requiring Plaintiff to make difficult factual determinations regarding whether or not the correspondence they received was or was not the first written notice, RMS improperly asserted that these were obligations of Plaintiff.

55.     RMS knew or should have known that no such obligation for Plaintiff to make these determinations existed and that instead, these obligations belonged to RMS, not Plaintiff.

56.     Accordingly, Defendant has violated Fla. Stat. § 559.72(9).

57.     As a result of Defendant's violations of the FCCPA, Plaintiff have been damaged and are entitled to: (a) actual damages pursuant to Fla. Stat. § 559.77(2); (b) statutory damages pursuant to Fla. Stat. § 559.77(2); (c) punitive damages pursuant to Fla. Stat. § 559.77(2); and, (d) reasonable attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2).

**WHEREFORE**, Plaintiff respectfully request this Court to enter a judgment against Defendant in their favor finding that Defendant has violated the FCCPA; awarding Plaintiff their actual damages, statutory damages, punitive damages, attorneys' fees and cost, together with any and all such further relief as is deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend.

7 and Fed.R.Civ.P. 38.

Dated:  This ___ day of March, 2008.

Respectfully Submitted,

**SAXON, GILMORE, CARRAWAY,
GIBBONS, WILCOX & LASH, P.A.**
Fifth Third Plaza
201 E. Kennedy Blvd., Suite 600
Tampa, Florida 33602
Phone: (813) 314-4500
Facsimile: (813) 314-4555
Co-Counsel for Plaintiff

/s/ Damon M. Ellis_____
J. FRAZIER CARRAWAY, ESQ.
Florida Bar No. 0764541
fcarraway@saxongilmore.com
DAMON M. ELLIS, ESQ.
Florida Bar No. 0111864
dellis@saxongilmore.com

and

**KYNES, MARKMAN & FELMAN, P.A.**
100 S. Ashley Drive, Suite 1300
Tampa, Florida 33602
Phone: (813) 229-1118
Facsimile: (813) 221-6750
Co-Counsel for Plaintiff

/s/ Katherine E. Yanes_____
JAMES E. FELMAN, ESQ.
Florida Bar No. 775568
jfelman@kmf-law.com
KATHERINE EARLE YANES, ESQ.
Florida Bar No. 0159727
kyanes@kmf-law.com

e:\receivable management solutions\pldg\complaint - unlawful collection practices - rev 022608.doc

## COMPOSITE EXHIBIT "A"*

*Please note that the letters which comprise this composite exhibit were copied on a Toshiba e-Studio 720 printer.  When copied regularly, the backside of each letter was not legible on the copy.  In order to allow the contents of the backside of each letter to be read as part of this Complaint, Plaintiff has, in addition to the illegible backside of each letter, also included the backside of each letter copied with the contrast darkened six (6) times, such that the same is capable of being read.

R·M·S

77 Hartland Street, Suite 401
P.O. Box 280431
East Hartford  CT  06128-0431

**Collection Notice**

Phone:        888-545-4170

Receivable Management Services
*The global collection company*

✽076R230100917101✽
MARCIA GAALSWYK KNETZKE
▓▓▓ CONSERVAT▓▓▓▓
▓UTZ  FL  33548-6418

March 17, 2007

Iｌｌｌｌｌ.ｌｌｌ.ｌｌｌ.ｌｌ.ｌｌ.ｌｌ.ｌｌｌ.ｌｌｌｌｌ.ｌｌ.ｌｌ.ｌｌ.ｌｌｌ.ｌｌ.ｌｌｌ.ｌｌ.ｌｌｌ

Re:  UnitedHealthcare FL (pharm)
Claim amt:              $72.49
Claim No:   ▓▓▓638217▓▓▓
LDGO

According to UnitedHealthcare FL (pharm) records they paid for certain
pharmacy services, that you obtained after you were no longer covered by
them.  These services were not UnitedHealthcare FL (pharm) obligation
and should not have been paid.

UnitedHealthcare FL (pharm) has hired RMS to arrange for the
reimbursement of these funds for the money they paid for those services.
We understand that this letter may be the first time this matter has
been called to your attention, and by sending this letter, neither
UnitedHealthcare FL (pharm) nor we are suggesting that you have
neglected to pay your bills.

Attached is a list of claims paid in error that need to be
reimbursed.  Please remit payment to the address above.  Your
attention to this matter will be greatly appreciated.

If you wish to discuss this account, please contact us, toll free
at (888) 545-4170.  However if you wish to dispute this account,
please refer to the notice on the reverse side of this letter.

                                Sincerely,

                                Receivable Management Services


     Please consider this as notice that if payment is made by
     consumer check we will convert this check to an electronic
     debit to your account via ACH and if the check is returned
     NSF, we will represent the check via ACH debit.




                    **Composite Exhibit "A"**


    **IMPORTANT: REFER TO CLAIM NUMBER IN ALL COMMUNICATIONS**
    NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

                                                        8H-497RC

# IMPORTANT NOTICE OF YOUR RIGHTS UNDER FEDERAL LAW

If this is the first written notice you have received from this office in regard to the debt referred to on the other side of this letter and this is a consumer debt, then:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name and address of the original creditor, if different from the current creditor.

WE ARE ACTING AS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT THIS DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

We are required under state law to give you the following notices, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note the following that apply in the specified states:

| STATE | APPLICABLE NOTICE |
| --- | --- |
| California | The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado (consumers only) | FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CAD/CADCmain.cfm. |
| Massachusetts | Massachusetts requires us to give the following notice, however, all consumers have these or similar rights under federal law: NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY. Receivable Management Services' Office: Please contact us at the address noted on the front of this form. Office Hours: 8:00 a.m. – 5:00 p.m. EST. Monday through Friday. |
| Michigan (consumers only) | Michigan requires us to give the following notice, however, all consumers have these rights under federal law: The failure of a consumer to dispute the validity of a debt shall not be construed as an admission of liability by the consumer. |
| Minnesota | This collection agency is licensed by the Minnesota Department of Commerce. |
| Tennessee | This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Tenn. Code. Ann ss 62-20-111(b). |
| Washington | The Receivable Management Services' licensed address in Washington is: 2001 6th Avenue, Suite 2200, Seattle, Washington 98121. |
| Wisconsin | This collection agency is licensed by the Administrator of Banking, P.O. Box 7876, Madison, Wisconsin 53707. |

# R·M·S

**Collection Notice**

Receivable Management Services
*The global collection company*

✳076R230100917102✳

03/17/2007

UnitedHealthcare FL (pharm)          MARCIA GAALSWYK KNETZKE

CLAIM NO:      ~~095638217-01~~          AMOUNT DUE:          $72.49

   POLICY NUMBER                    POLICY DATE          AMOUNT

~~3011 9929 NICHO 12/07/2006~~     12-07-2006          $72.49

8H-497RC

# IMPORTANT NOTICE OF YOUR RIGHTS UNDER FEDERAL LAW

If this is the first written notice you have received from this office in regard to the debt referred to on the other side of this letter and this is a consumer debt, then:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name and address of the original creditor, if different from the current creditor.

**WE ARE ACTING AS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT THIS DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

We are required under state law to give you the following notices, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note the following that apply in the specified states:

| STATE | APPLICABLE NOTICE |
|---|---|
| California | The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado (consumers only) | FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CAD/CADCmain.cfm. |
| Massachusetts | Massachusetts requires us to give the following notice, however, all consumers have these or similar rights under federal law: NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY. Receivable Management Services' Office: Please contact us at the address noted on the front of this form. Office Hours: 8:00 a.m. – 5:00 p.m. EST. Monday through Friday. |
| Michigan (consumers only) | Michigan requires us to give the following notice, however, all consumers have these rights under federal law: The failure of a consumer to dispute the validity of a debt shall not be construed as an admission of liability by the consumer. |
| Minnesota | This collection agency is licensed by the Minnesota Department of Commerce. |
| Tennessee | This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Tenn. Code. Ann ss 62-20-111(b). |
| Washington | The Receivable Management Services' licensed address in Washington is: 2001 6th Avenue, Suite 2200, Seattle, Washington 98121. |
| Wisconsin | This collection agency is licensed by the Administrator of Banking, P.O. Box 7876, Madison, Wisconsin 53707. |



R·M·S

77 Hartland Street, Suite 401
P.O. Box 280431
East Hartford   CT   06128-0431

Phone:        888·545·4170

Receivable Management Services
*The global collection company*

✳090R230101004801✳
MARCIA GAALSWYK KNETZKE

March 31, 2007

‖₁‖₁‖‖‖₁‖₁‖₁‖₁‖₁‖₁‖₁‖‖₁₁‖₁₁‖₁‖‖₁₁‖

Re:   UnitedHealthcare FL (pharm)
      Claim amt:              $72.49
      Claim No:
      LDDO

Recently we sent you a letter regarding reimbursement for a pharmacy
overpayment that is due UnitedHealthcare FL (pharm).

If it is just and correct, we ask that you send us your check,
payable to UnitedHealthcare FL (pharm) and forward it to the address
above.  However, if you are disputing this account, please refer to the
notice on the reverse side.

                    Sincerely,

                    Receivable Management Services


    Please consider this as notice that if payment is made by
consumer check we will convert this check to an electronic
debit to your account via ACH and if the check is returned
NSF, we will represent the check via ACH debit.


IMPORTANT: REFER TO CLAIM NUMBER IN ALL COMMUNICATIONS
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

8H-497RC

# IMPORTANT NOTICE OF YOUR RIGHTS UNDER FEDERAL LAW

If this is the first written notice you have received from this office in regard to the debt referred to on the other side of this letter and this is a consumer debt, then:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name and address of the original creditor, if different from the current creditor.

## WE ARE ACTING AS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT THIS DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

We are required under state law to give you the following notices, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note the following that apply in the specified states:

| STATE | APPLICABLE NOTICE |
|---|---|
| California | The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado (consumers only) | FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CAD/CADCmain.cfm. |
| Massachusetts | Massachusetts requires us to give the following notice, however, all consumers have these or similar rights under federal law: NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY. Receivable Management Services' Office: Please contact us at the address noted on the front of this form. Office Hours: 8:00 a.m. – 5:00 p.m. EST, Monday through Friday. |
| Michigan (consumers only) | Michigan requires us to give the following notice, however, all consumers have these rights under federal law: The failure of a consumer to dispute the validity of a debt shall not be construed as an admission of liability by the consumer. |
| Minnesota | This collection agency is licensed by the Minnesota Department of Commerce. |
| Tennessee | This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Tenn. Code. Ann ss 62-20-111(b). |
| Washington | The Receivable Management Services' licensed address in Washington is: 2001 6th Avenue, Suite 2200, Seattle, Washington 98121. |
| Wisconsin | This collection agency is licensed by the Administrator of Banking, P.O. Box 7876, Madison, Wisconsin 53707. |

8H-497RC

**R·M·S**

# Collection Notice

Receivable Management Services
*The global collection company*

✳090R230101004802✳

03/31/2007

UnitedHealthcare FL (pharm)

CLAIM NO: ~~295638217-UH~~

POLICY NUMBER

~~6911PR29 NICHO 12/07/2006~~

MARCIA GAALSWYK KNETZKE

AMOUNT DUE: $72.49

POLICY DATE          AMOUNT

12-07-2006          $72.49

8H-497RC

# IMPORTANT NOTICE OF YOUR RIGHTS UNDER FEDERAL LAW

If this is the first written notice you have received from this office in regard to the debt referred to on the other side of this letter and this is a consumer debt, then:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name and address of the original creditor, if different from the current creditor.

## WE ARE ACTING AS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT THIS DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

We are required under state law to give you the following notices, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note the following that apply in the specified states:

| STATE | APPLICABLE NOTICE |
|---|---|
| California | The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado (consumers only) | FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CAD/CADCmain.cfm. |
| Massachusetts | Massachusetts requires us to give the following notice, however, all consumers have these or similar rights under federal law: NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY. <br><br> Receivable Management Services' Office: Please contact us at the address noted on the front of this form. Office Hours: 8:00 a.m. – 5:00 p.m. EST. Monday through Friday. |
| Michigan (consumers only) | Michigan requires us to give the following notice, however, all consumers have these rights under federal law: The failure of a consumer to dispute the validity of a debt shall not be construed as an admission of liability by the consumer. |
| Minnesota | This collection agency is licensed by the Minnesota Department of Commerce. |
| Tennessee | This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Tenn. Code. Ann ss 62-20-111(b). |
| Washington | The Receivable Management Services' licensed address in Washington is: 2001 6th Avenue, Suite 2200, Seattle, Washington 98121. |
| Wisconsin | This collection agency is licensed by the Administrator of Banking, P.O. Box 7876, Madison, Wisconsin 53707. |

RMS 04 (9/2006)

8H-497RC

R·M·S

77 Hartland Street, Suite 401
P.O. Box 280431
East Hartford  CT  06128-0431

**Collection Notice**

Phone:      888-545-4170

Receivable Management Services
*The global collection company*

\*104R230101099301\*
MARCIA GAALSWYK KNETZKE

April 14, 2007

IlIlilliIlililililililililililllililliIlilililili

Re:   UnitedHealthcare FL (pharm)
      Claim amt:        $72.49
      Claim No:
      LDD9

We previously requested reimbursement of a pharmacy overpayment that
is due to UnitedHealthcare FL (pharm).

Despite our previous attempts to resolve this matter, your payment
has not been received.

It is important that you contact us at the number listed above.
However, if you are disputing this account, please refer to the notice
on the reverse side of this letter.

                                   Sincerely,

                                   Receivable Management Services


     Please consider this as notice that if payment is made by
     consumer check we will convert this check to an electronic
     debit to your account via ACH and if the check is returned
     NSF, we will represent the check via ACH debit.


IMPORTANT: REFER TO CLAIM NUMBER IN ALL COMMUNICATIONS
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

8H-497RC

# IMPORTANT NOTICE OF YOUR RIGHTS UNDER FEDERAL LAW

If this is the first written notice you have received from this office in regard to the debt referred to on the other side of this letter and this is a consumer debt, then:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name and address of the original creditor, if different from the current creditor.

**WE ARE ACTING AS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT THIS DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

We are required under state law to give you the following notices, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note the following that apply in the specified states:

| STATE | APPLICABLE NOTICE |
|---|---|
| California | The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado (consumers only) | FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CAD/CADCmain.cfm. |
| Massachusetts | Massachusetts requires us to give the following notice, however, all consumers have these or similar rights under federal law: NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.<br><br>Receivable Management Services' Office: Please contact us at the address noted on the front of this form. Office Hours: 8:00 a.m. – 5:00 p.m. EST, Monday through Friday. |
| Michigan (consumers only) | Michigan requires us to give the following notice, however, all consumers have these rights under federal law: The failure of a consumer to dispute the validity of a debt shall not be construed as an admission of liability by the consumer. |
| Minnesota | This collection agency is licensed by the Minnesota Department of Commerce. |
| Tennessee | This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Tenn. Code. Ann ss 62-20-111(b). |
| Washington | The Receivable Management Services' licensed address in Washington is: 2001 6th Avenue, Suite 2200, Seattle, Washington 98121. |
| Wisconsin | This collection agency is licensed by the Administrator of Banking, P.O. Box 7876, Madison, Wisconsin 53707. |

8H-497RC

R·M·S

**Collection Notice**

Receivable Management Services
*The global collection company*

✳104R230101099302✳

04/14/2007

UnitedHealthcare FL (pharm)        MARCIA GAALSWYK KNETZKE

CLAIM NO:        ~~3638217~UP~~        AMOUNT DUE:        $72.49

POLICY NUMBER        POLICY DATE        AMOUNT

~~0401992~NfcHo~12/07/2006~~        12-07-2006        $72.49

8H-497RC

# IMPORTANT NOTICE OF YOUR RIGHTS UNDER FEDERAL LAW

If this is the first written notice you have received from this office in regard to the debt referred to on the other side of this letter and this is a consumer debt, then:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice RMS will provide you with the name and address of the original creditor, if different from the current creditor.

WE ARE ACTING AS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT THIS DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

We are required under state law to give you the following notices, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note the following that apply in the specified states:

| STATE | APPLICABLE NOTICE |
| --- | --- |
| California | The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado (consumers only) | FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CAD/CADCmain.cfm. |
| Massachusetts | Massachusetts requires us to give the following notice, however, all consumers have these or similar rights under federal law: NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY. Receivable Management Services' Office: Please contact us at the address noted on the front of this form. Office Hours: 8:00 a.m. – 5:00 p.m. EST, Monday through Friday. |
| Michigan (consumers only) | Michigan requires us to give the following notice, however, all consumers have these rights under federal law: The failure of a consumer to dispute the validity of a debt shall not be construed as an admission of liability by the consumer. |
| Minnesota | This collection agency is licensed by the Minnesota Department of Commerce. |
| Tennessee | This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Tenn. Code. Ann ss 62-20-111(b). |
| Washington | The Receivable Management Services' licensed address in Washington is: 2001 6th Avenue, Suite 2200, Seattle, Washington 98121. |
| Wisconsin | This collection agency is licensed by the Administrator of Banking, P.O. Box 7876, Madison, Wisconsin 53707. |





PRESORTED
FIRST CLASS

FL04-17-07XX

FIRST CLASS



