**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARCIA GAALSWYK-KNETZKE,

      Plaintiff,

v.                                   CASE NO: 8:08-cv-493-T-26TGW

THE RECEIVABLE MANAGEMENT
SERVICES CORPORATION,

      Defendant.

_____/

## O R D E R

Before the Court is Defendant's Motion to Dismiss (Dkt. 8) and Plaintiff's

Memorandum in Opposition.  (Dkt. 12).  After careful consideration of the motion,

response, and the allegations of the Complaint (Dkt. 1), the Court concludes that the

motion should be denied.

Defendant, a "debt collector" as that term is defined in the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. §1692a(6) and the Florida Consumer Collection

Practice Act (FCCPA), section 559.55(6), Florida Statutes, seeks to dismiss the two-count

complaint.  Defendant argues that count I does not sufficiently allege "overshadowing"

under the FDCPA.  As to count II, Defendant contends that the FCCPA, unlike the

FDCPA, does not provide an independent cause of action for "overshadowing" and does

not permit "boot-strapping" of FDCPA claims under section 559.72(9).  For the following

reasons, the Court finds that the motion must be denied.

## Count I—Violation of FDCPA

For purposes of the claims brought in this action, the applicable standard under the

FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test.  See Jeter v.

Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in

Exposition Press Inc. v. FTC, 295 F.2d 869 (2d Cir. 1961)).[1]  The principles underlying

the FDCPA must be implemented for "the public— that vast multitude which includes the

ignorant, the unthinking and the credulous."  Jeter, 760 F.2d at 1172-73 (internal citations

omitted).   The "fact that a false statement may be obviously false to those who are

trained and experienced does not change its character, nor take away its power to deceive

others less experienced."  Id. at 1173 (internal citations omitted).

Defendant contends that the allegations regarding the shade of ink and poor quality

of paper of the collection letter are insufficient to allege a claim for "overshadowing" or

---

[1]   See also LeBlanc v. Unifund CCR Partners, G.P., No. 8:06-cv-1216-T-TBM, 2008 WL 1994980, at *3 (M.D. Fla. May 8, 2008); Fuller v. Becker & Pollakoff, P.A., 192 F.Supp.2d 1361, 1369 (M.D. Fla. 2002) (citing Jeter as the Eleventh Circuit adoption of the "least sophisticated consumer" standard which "analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices"); Ferguson v. Credit Mgmt. Control, Inc., 140 F.Supp.2d 1293 (M.D. Fla. 2001) (distinguishing between the two standards applied in the various circuits, the "unsophisticated consumer" and the "least sophisticated consumer," and articulating the "least sophisticated consumer" test as considering "whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices").

contradicting the validation notice required by the FDCPA.[2]  Defendant relies

predominantly on two cases: <u>Sims v. GC Servs. L.P.</u>, 445 F.3d 959 (7th Cir. 2006); and

<u>Youngblood v. GC Servs. Ltd. P'ship</u>, 186 F.Supp.2d 695, 699 (W.D. Tex. 2002).

Neither of these cases were decided on motions to dismiss, however.  Both were decided

on motions for summary judgment.  In <u>Sims</u>, the plaintiffs submitted an expert report

regarding the "readability" and design analysis of six different collection letters, but the

court remarked that none of the letters sent to the plaintiffs were analyzed by experts.

<u>Sims</u>, 445 F.3d at 962 & 963-64.  The court found that plaintiffs had failed to meet their

evidentiary burden of proving confusion.  In <u>Youngblood</u>, the court noted in reviewing

the collection letters that the type was dark enough to be legible.  <u>Youngblood</u>, 186

F.Supp.2d at 699.  Thus, in both <u>Sims</u> and <u>Youngblood</u>, the collection letters were

analyzed based on evidence submitted beyond the allegations or attachments to the

complaint.

---

   [2]  Section 1692g titled "Validation of debts" sets forth the notice requirements,
including the necessity of an initial communication.  Within five days after the initial
communication, written notice must be given and contain the information listed in §
1692g(a), unless already contained in the initial communication.  Actions brought for
failure to comply with the validation notice of § 1692g are called "overshadowing"
claims because the validation notice must not be overshadowed or contradicted by the
other language of the collection letter or other messages from the debt collector.  <u>See,
e.g.</u>, <u>Chauncey v. JDR Recovery Corp.</u>, 118 F.3d 516, 518 (7th Cir. 1997); <u>Bartlett v.
Heibl</u>, 128 F.3d 497, (7th Cir. 1997) (stating that although the statute does not state that
the disclosures must not be confusing to the unsophisticated debtor, the courts have held
that it is implicit that a duty exists "to avoid confusing the unsophisticated consumer . . .
by contradicting or 'overshadowing' the required notice"); <u>Graziano v. Harrison</u>, 950
F.2d 107, 111 (3d Cir. 1991).

Apart from the fact that these cases were decided on summary judgment, Plaintiff acknowledges that the Eleventh Circuit has not yet ruled whether the question of overshadowing or contradiction is a pure matter of law or a question of fact.   Plaintiff cites two cases in support of her position that the issues raised in the motion to dismiss should not be resolved until a later stage of the proceedings when factual matters have been fully developed.   <u>See</u> <u>Scott v. Enhanced Recovery Corp.</u>, No. CV-05-5338(CPS), 2006 WL 1517755, at *4 (E.D. N.Y. May 31, 2006) (ruling on a motion to dismiss); <u>Vaughn v. CSC Credit Servs., Inc.</u>, No. 93 C 4151, 1994 WL 449247, at *4 (N.D. Ill. Mar. 1, 1994) (ruling on a motion for summary judgment).

In <u>Scott</u>, the collection letter contained the validation notice on the back in grey ink as well as the reference on the front page to more rights appearing on the back. Nevertheless, the court refused to decide the validity at the dismissal stage, noting that "[w]hether or not the grey ink of the validation notice is legible and whether or not it is so light that it signals the consumer that he or she should not bother reading it" is a factual, and not legal, matter.  In <u>Vaughn</u>, the collection letter also noted on the front in large print that important information appeared on the back.  The court found that whether the letter was too difficult to read based on the ink was a question of fact.

Not only does Plaintiff cite authority to support the resolution of this issue at a stage in which evidence can be considered, but Plaintiff distinguishes <u>Sims</u> and <u>Youngblood</u> based on the particular facts.  In <u>Sims</u> and <u>Youngblood</u>, only the intensity of the ink was questioned, whereas, in this case, the combination of light grey ink and poor

quality paper is alleged to have made reading the validation notice too difficult.  Against this backdrop, the Court concludes that the issue of whether adequate validation notice was given must be left for a later stage of the case, after further factual development. Accordingly, Defendant's motion to dismiss count I is denied.

### Count II—Violation of FCCPA

Defendant next contends that Plaintiff impermissibly attempts to bootstrap into the FCCPA a violation of the FDCPA—specifically, overshadowing.  The FCCPA lists nineteen prohibited acts, and Defendant argues that count II does not allege a violation under either section 559.72(7), Florida Statutes, which prohibits a debt collector from "willfully engag[ing] in . . .  conduct which can reasonably be expected to abuse or harass the debtor," or section 559.72(9), Florida Statutes, which creates a violation if a debt collector "assert[s] the existence of some . . .  legal right when such person knows that the right does not exist."  Defendant cites several federal district court cases in Florida in support of its position.[3]

Plaintiff alleges in the complaint that Defendant inserted introductory language stating that Plaintiff's rights depended on whether the debt was in fact a "consumer debt" and whether each collection letter was the "first written notice" regarding the debt.

_____

[3]   See McCorriston v. L.W.T., Inc., No. 8:07-cv-160-T-27EAJ, (M.D. Fla. June 15, 2007); Ferguson v. Credit Mgmt. Control, 140 F.Supp.2d 1293 (M.D. Fla. 2001); Thibodeau v. Credit Adjustment Bureau, No.   2006 WL 3498159 (M.D. Fla. 2001); Conner v. BBC Fin. Mgmt. Servs., Inc., No. 06-61365-CIV, 489 F.Supp.2d 1358 (S.D. Fla. 2007).

Plaintiff alleges that the improper shifting of Defendant's statutory obligations under the FDCPA, together with the difficulty in reading the validation notice constitutes a violation of section 559.72(7) as conduct that would reasonably expect to abuse or harass Plaintiff.  Second, the complaint alleges that this impermissible shifting of statutory burdens in which Plaintiff was required to decide whether the rights set forth in the validation notice applied to her, constitutes an assertion of the existence of a legal right that Defendant knew did not exist, thereby violating section 559.72(9).

As Plaintiff urges, the cases cited by Defendant all involve instances in which the person collecting the debt was not registered in the state of Florida.[4]  Violations of section 559.553, Florida Statutes, however, may not be asserted under any subsection of section 559.72.  See McCorriston, at 4-5.  Thus, those cases are inapposite.  With respect to determining what constitutes a misrepresentation of a legal right under section 559.72(9), the court "must refer to other statutes that establish the legitimacy of a debt and define legal rights."  See Cliff v. Payco Gen. American Credits, Inc., 363 F.3d 1113, 1126 (11th Cir. 2004) (citing Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000)).

Having determined that the Plaintiff has sufficiently alleged violations of sections 559.72(7) and (9), the Court denies the motion to dismiss count II.  It is, therefore,

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 8) is

---

[4]  See cases listed at footnote 3.

**DENIED**.  Defendant shall file its answer and defenses within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on May 27, 2008.


_____s/*Richard A. Lazzara*_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record