IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA GAALSWYK-KNETZKE, an
individual, on behalf of herself
and all others similarly situated,

       Plaintiff,

vs.

Case No. 8:08-CV-493-T-26-TGW

THE RECEIVABLE MANAGEMENT
SERVICES, CORP

       Defendant.
_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

Plaintiff MARCIA GAALSWYK-KNETZKE, an individual, on behalf of herself and all others similarly situated, ("Plaintiff") and Defendant THE RECEIVABLE MANAGEMENT SERVICES, CORP. ("Defendant") jointly request that the Court approve a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, approve a proposed Class Notice, and approve the proposed publication method of the Class Notice. The grounds supporting this motion are set forth in the following Memorandum.

## MEMORANDUM

### NATURE OF THE CASE

Plaintiff is an individual consumer. Defendant is a third party debt collector. Part of Defendant's business involves the collection of consumer debts from Florida residents.

Defendant attempted to collect such debt from Plaintiff. Plaintiff contends that in attempting to collect consumer debts from her and the Class she seeks to represent, Defendant violated the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act because the language and print shade of the collection letters Defendant used was misleading and confusing to the "least sophisticated consumer."

Defendant denies Plaintiff's allegations and asserts, *inter alia*, that the written communication is not in violation of the provisions of the FDCPA or FCCPA, and, in the alternative, if it was a violation, the conduct was unintentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably formulated to avoid the violation.

Plaintiff and Defendant seek to settle this matter and have executed the attached Settlement Agreement seeking a resolution pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) that would permit recovery of cy pres and equitable relief for the class and permit members to opt out of the class settlement should they desire not to be bound by the terms of the settlement. The basis for this request is that the U.S. Congress and Florida Legislature have set limits on the class liability in FDCPA and FCCPA cases, such that class members could not receive more than a *de minimus* recovery from the litigation of this case.

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff and Defendant jointly move that the Court approve the Settlement Agreement attached as **Exhibit 1**, the terms and conditions contained therein.

The Parties also seek the Court's review of the proposed language of the Class Notice, two versions of which are attached hereto as **Exhibit 2-P** and **2-D**, and the Court's determination as to which version should be provided to the Class.

Class Counsel believe that due process requires that the Notice contain the amount of the proposed attorney's fees. *See* 4 Newberg on Class Actions § 13:82 ("In class action settlements, potential conflicts between absent class members and class counsel pose serious problems. Notice to the class members of the settlement terms is a due process requirement. As a result, it is imperative that class action settlement notices contain the maximum amount of attorney's fees sought by class counsel and specify the proposed method of calculating the award. Without this vital information, class members cannot make informed decisions about their right to challenge the fee award at the hearing."); 4 Newberg on Class Actions § 14:1 (The district court typically considers the reasonableness of attorney's fees at the settlement hearing contemplated by Rule 23(e). The class must be given notice of the hearing and of the proposed attorney's fees"). The Plaintiff's proposed version is attached hereto as **Exhibit 2-P**.

Defense Counsel asserts that the Parties have already agreed in the Settlement Agreement that Class Counsel will petition the Court for an award of their reasonable attorney's fees, expenses, and costs of in an amount up to $125,000.00 without opposition from Defendant, but still subject to Court approval. Defendant asserts that the amount of the award is not legally required to be in the notice and should be omitted. In Goodrich v. E.F. Hutton Group, Inc., 681 A.3d 1039, 1044-45 (Del. 1996, the court held that trial court uses their discretion as to whether the attorney's fees are appropriate

because class members with small claims usually do not file objections; class counsel's role changes from a fiduciary one to a claimant against the fund; and the defendant that paid into the fund has no interest in regard to how the fund is divided. In Meyenburg v. Exxon Mobil Corp., 2006 WL 5062697 1, 7 (S.D.Ill. June 5, 2006), the class notice stated that "counsel would seek reasonable attorney's fees and expenses" and the notice also provided the class members with a web-site and telephone number to obtain the full release. Id. Since the ultimate determination of the amount of the attorney's fees and costs will be decided by the court based on the Class Counsel's fee petition in which the parties mutually agree that said sum will not exceed $125,000.00, the inclusion of the dollar amount in the Class Notice should not be included and is not required to satisfy due process considerations. The Defendant's proposed version is attached hereto as **Exhibit 2-D**.

Parties agreed to request the Court's determination regarding whether the Class Notice should provide notice of the proposed award of attorney's fees, costs, and expenses.

The Parties also seek approval of the method of publication of that notice, as discussed with the Court at the February 27, 2009, status conference in this matter and set forth below. Movants hereby stipulate that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of the parties on the issue of liability at any such contested hearing. With the Court's permission, a proposed Preliminary Approval Order in the form attached as Exhibit B to the Settlement Agreement will be separately provided to the Court.

## NATURE OF SETTLEMENT

The parties have agreed to a settlement of this suit on a Florida class-wide basis. The essential terms of the settlement are set out in the Settlement Agreement attached as **Exhibit 1**. The Settlement provides substantial benefits to the Class and is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

Subject to the terms of the Settlement Agreement, Defendant agrees to provide the following relief to Plaintiff and the Class:

A. Defendant shall pay to the Hillsborough County Bar Foundation as a *cy pres* distribution on behalf of the Class the total sum of $50,000.00.

B. Defendant will also pay Plaintiff for her individual claim the total amount of $2,000.00 in consideration of Plaintiff's service to the Class.

C. Defendant shall bear the costs of notice and class administration.

D. Defendant will pay Class Counsel their reasonable attorney's fees, expenses, and costs of in an amount up to $125,000, as approved by the Court.

E. Defendant will provide equitable relief to the class. Defendant has already voluntarily modified the issue this lawsuit raised regarding the legibility of its collection notices. Defendant has also agreed to change the existing language of its debt collection letters to address the language this lawsuit alleged was confusing and misleading. They will jointly request that the

Stipulation be incorporated into the Final Order and Judgment approving the Settlement.

Counsel for Plaintiff and Defendant represent to the Court that the proposed settlement agreement was reached through arms-length negotiations between the parties and that Class Counsel are able and experienced attorneys who are qualified to evaluate the proposed Settlement Agreement on behalf of the Class Members.

Copies of the proposed alternative Class Notices, which is to be published in a newspaper with a state-wide distribution in the State of Florida (the parties have selected the two (2) regional USA Today newspapers), are attached to the Settlement Agreement as **Exhibit A**. That notice is sufficient to inform Class Members regarding: (a) the formation of the Class; (b) the Class definition; (c) the terms of the proposed settlement; (d) the proposed award of attorney's fees and expenses to Class Counsel; (e) Class Members' right to object to and to opt out of the proposed Settlement; (f) the time and date of the Fairness Hearing; and (g) Class Members' right to appear at the Fairness Hearing in favor of or in opposition to the proposed Settlement. The Class Notice is written in plain English in a manner reasonably calculated to allow class members to participate in the settlement. The Notice provides Class Members with sufficient information to make an informed decision to object to any aspect of the proposed Settlement.

Defendant will publish the court-approved Class Notice as set forth in the Settlement Agreement or, if they find that doing so will be more cost effective, retain an independent claims administrator to do so.

## **FINAL ORDER**

At the final Fairness Hearing, Movants anticipate presenting a final order giving effect to the Settlement and dismissing without prejudice all claims of any purported class members who have not been excluded from the class.

Upon confirmation of the settlement at the Final Fairness Hearing, the proposed final order will release Defendant of all liability to the Class for the Released Claims and will enjoin Class Members from pursuing or filing suit upon the Released Claims.

## CONCLUSION

For these reasons, Plaintiff and Defendant respectfully request that the Court enter an Order granting Preliminary Approval of the terms and conditions of the attached Settlement Agreement and approving the form and publication method of the Class Notice.

DATED: March 27, 2009

| | |
|---|---|
| /s/ Frazier Carraway, Esquire<br>FRAZIER CARRAWAY, ESQ.<br>Florida Bar No. 764541<br>SAXON, GILMORE, CARRAWAY,<br>& GIBBONS, P.A.<br>Fifth Third Center<br>201 E. Kennedy Blvd., Suite 600<br>Tampa, Florida 33602<br>(813) 314-4500<br>(813) 314-4555 fax<br>Attorneys for Plaintiff | /s/Thomas Lash, Esquire<br>THOMAS LASH, ESQ.,<br>Florida Bar No. 849944<br>Lash & Wilcox PL,<br>4006 S. MacDill Ave.<br>Tampa, FL  33611<br>(813) 832-3210<br>(813) 832-5205 fax<br>tlash@lashandwilcox.com<br>Co-Counsel for Plaintiff |
| /s/ Katherine E. Yanes<br>KATHERINE E. YANES, ESQ.<br>Florida Bar No. 775568<br>KYNES, MARKMAN & FELMAN, P.A.<br>100 South Ashley Drive, Suite 1300<br>Tampa, Florida 33602<br>(813) 229-1118<br>(813) 221-6750 fax<br>kyanes@kmf-law.com<br>Co-Counsel for Plaintiff | s/ Ernest H. Kohlmyer, III ,Esquire<br>ERNEST H. KOHLMYER, III, ESQ.<br>Florida Bar No. 0110108<br>BELL, ROPER & KOHLMYER, P.A.<br>2707 East Jefferson Street<br>Orlando, Florida   32803<br>(407) 897-5150<br>(407) 897-3332 (fax)<br>SKohlmyer@bellroperlaw.com<br>Attorneys for Defendant |