IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA GAALSWYK-KNETZKE, an
individual, on behalf of herself
and all others similarly situated,

        Plaintiff,

                                  Case No. 8:08-CV-493-T-26-TGW

vs.

THE RECEIVABLE MANAGEMENT
SERVICES, CORP.

        Defendant.

_____/

### CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") in the above-captioned case between Plaintiff, MARCIA GAALSWIJK-KNETZKE, an individual, on behalf of herself and all others similarly situated (hereinafter "Class Members") and Defendant, THE RECEIVABLE MANAGEMENT SERVICES, CORP., (hereinafter "Defendant") was reached after arms-length negotiations between counsel for all parties and mediation, and the terms and conditions are provided as follows:

### RECITALS:

A.    The Class Members are a class of individuals (as defined below) on whose behalf Plaintiff filed a class action complaint in the above-styled and numbered cause.

B.    The Class Action Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*, hereinafter the

EXHIBIT
1

"FDCPA"), and/or the Florida Consumer Collection Practices Act (F.S. 559.77 et seq., hereinafter the "FCCPA") and that such alleged violations, if proven, render Defendant liable for statutory damages, costs, and reasonable attorneys' fees.

C.     Defendant denies the material allegations in Plaintiff's Complaint, disputes both factually and legally that it is liable in any way to Plaintiff or the Class she seeks to represent, denies that its actions violated state or federal law in any manner, and asserts that even if Plaintiff was to prevail, its maximum class liability is limited by 15 U.S.C. § 1692k(a)(2) and F.S. 559.77(2) to an amount that is less than one dollar per class member, such that there could never be a meaningful distribution of money to the Class Members. Nevertheless, Defendant concludes that the further conduct of this litigation by them would be protracted and expensive, and that it is desirable that this litigation be fully, finally, and forever settled in the manner set forth in this Agreement. Defendant is therefore, willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to resolve and settle all claims which have been made or could be made against it by Plaintiff and the Class Members arising out of the Defendant's alleged statutory violations.

D.     Class Counsel (defined below) have demonstrated to the court a sufficient level of experience in handling class actions, consumer protection cases, and other complex civil litigation. Class Counsel have analyzed the facts and law relevant to this litigation, and recognized the uncertainty of the outcome and the substantial expense and delay associated with the continued prosecution of this litigation against Defendant through trial and through appeals. Further, Class Counsel are mindful of the limitations

on any possible recovery to the Class Members, even if they were to recover the maximum amount allowed by law, and they recognize that protracted litigation is unlikely to serve the interests of the class.

     E.     Based on Class Counsel's analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case there could never be any meaningful distribution to the Class Members, and pursuant to the advice of Class Counsel, Plaintiff has determined that a settlement on the terms set forth herein is fair, adequate, and reasonable, and thus in the best interest of the Class Members.

     F.     Based on the analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case there could never be anything other than a *de minimus* distribution to the Class Members, Defendant believes that this settlement with the Class Members on the terms set forth below is fair, adequate, and reasonable.

     G.     The Parties are desirous of entering into and obtaining approval of this Agreement, pursuant to FED. R. CIV. P. 23, in order to fully and finally resolve all claims and disputes arising out of, or related to Plaintiff's claims of violations of the FDCPA and the FCCPA by Defendant or any of its officers, directors, shareholders, employees, agents, or representatives.

## ARTICLE I
### DEFINITIONS

When used in this Settlement Agreement, the following terms shall mean:

1.1    "AGREEMENT" means this Settlement Agreement in the above-styled and numbered cause.

1.2    "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.3    "CLASS" means the class as certified by this court on August 14, 2008, and in accordance with the terms of this Agreement, which is described as:

> **All residents of the State of Florida who received debt collection notices and/or letters from RMS relating to a consumer debt on or after March 14, 2006.**

1.4    "CLASS COUNSEL" means Frazier Carraway, Esquire, SAXON, GILMORE, CARRAWAY, & GIBBONS, P.A. located at Fifth Third Plaza; 201 E. Kennedy Blvd., Ste 600; Tampa, FL, Thomas Lash, Esquire, LASH & WILCOX, PL, located at 4006 S. MacDill Ave., Tampa, FL  33611; and James E. Felman, Esquire, and Katherine Earle Yanes, Esquire, KYNES, MARKMAN & FELMAN, P.A., located at 100 S. Ashley Drive, Ste 1300, Tampa, FL 33602.

1.5    "CLASS MEMBERS" mean those persons who are a part of the Class.

1.6    "CLASS NOTICE" means the proposed notice, in a form substantially similar to that attached hereto as **Exhibit A-D or A-P**, as approved by the Court.  Upon the determination of the Court as to whether Exhibit A-D or A-P will be provided to the Class, that Exhibit shall thereafter be the "Class Notice" and "**Exhibit A**" for all purposes throughout this Agreement.

1.7    "CLASS PERIOD" means March 14, 2006, up to and including the Effective Date as defined in this Settlement Agreement.

1.8     "CONSUMMATION DATE" means the date upon which all obligations and duties of the Parties have been effectuated and the Agreement has been closed.

1.9     "COURT" means the United States District Court for the Middle District of Florida.

1.10    "DEFENDANT" means The Receivables Management Services Corp. (hereinafter referred to as either "Defendant" or "RMS") and includes all officers, directors, shareholders, agents, employees, and insurers of Defendant.

1.11    "EFFECTIVE DATE" means the date that this Agreement is finally approved by the Court, and neither Defendant, Plaintiff, nor Class Counsel have given notice of withdrawal as provided in Section 5.2.   This Agreement shall be finally approved only after the Court has entered the Final Order and Judgment, and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final dismissal of any appeal taken; or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation, and such Final Order and Judgment has not been vacated or reversed.

1.12    "FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to FED. R. CIV. P. 23 to consider the fairness, adequacy, and reasonableness of the settlement reflected in this Agreement, currently scheduled for **July 10, 2009**.

1.13    "FINAL ORDER AND JUDGMENT" means the final order and judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under FED. R. CIV. P. 23, and making such other findings and determinations as the Court

deems necessary and appropriate to effectuate the terms of this Agreement. A proposed Final Order and Judgment is attached hereto as **Exhibit C.**

1.14    "INITIAL NOTICE DATE" means: (1) the date in which the Class Notice is to be published in the two (2) USA Today regional papers within the State of Florida.

1.15    "LITIGATION" means the above-captioned and numbered case.

1.16    "PARTIES" means the Class Members (including Plaintiff), Class Counsel and Defendant.

1.17    "PRELIMINARY APPROVAL DATE" means the date that the Court enters its order granting Preliminary Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as **Exhibit B**.

1.18    "RELEASED CLAIMS" means:

Any and all claims, actions, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees, of any nature whatsoever, whether based on any federal law (including the FDCPA), state law (including the FCCPA), common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), including all "Unknown Claims" (as defined below), which Plaintiff or a Class Member has arising out of, based upon, or in any way relating to the class claims asserted in the Lawsuit, including but not limited to:

a.       Claims arising out of or related to any of the allegations, facts, events, occurrences, acts or omissions mentioned or referred to in the complaint

filed in the Lawsuit or other matters that were or could have been brought or asserted against the "Released Parties" (as defined below), relating to RMS's written communications in the Litigation.

b.     Claims arising out of the prosecution or defense of the Litigation including, but not limited to, claims related to the execution of this Agreement, such as claims of fraud in the inducement, negligent misrepresentation, or fraud, except that nothing herein releases any claim arising out of the violation or breach of this Agreement; and

c.     Claims arising out of or related to the notice of this settlement.

1.19    "UNKNOWN CLAIMS" means:

Any and all claims that Plaintiff or any Class Member does not know or even suspect to exist against any of the Released parties, which, if known, might have affected his or her decision regarding the settlement of this Litigation. Plaintiff further acknowledges, and the Class Members shall be deemed to acknowledge, that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of the Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

1.20    "RELEASED PARTIES" means: RMS and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures and any entities directly or indirectly involved in the Litigation, and all of their subsidiary entities, and any other related entity.

This Agreement and the settlement embodied herein shall not release any debt owed to Defendant's clients by Plaintiff or the Class, nor shall this settlement operate as an accord and satisfaction of such debt.

## Article II
## TERMS AND CONDITIONS OF THE SETTLEMENT

Plaintiff and Defendant agree to the following settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the incorporated documents. The relief provided for under this Agreement is in full satisfaction of all of Defendant's liability for all Released Claims (as defined above) of Plaintiff and all of the Class Members.

2.1     Class Action Settlement Procedures

A.      Plaintiff and Defendant shall file a Joint Motion for Approval of Class Action Settlement Agreement with the Court (the "Joint Motion for Preliminary Approval") seeking entry of an Order of Preliminary Approval of Settlement (the "Preliminary Approval Order") that would (1) preliminarily approve this Agreement and the proposed notice to the Class regarding the Settlement Motion and the relief sought thereby (the "Class Notice"); and (2) direct that the Class Notice be distributed to the

Class in the manner described below. The Class Notice and Preliminary Approval Order shall be in a form substantially similar to those attached hereto and incorporated herein by reference as **Exhibits A and B**, respectively. The Class Notice shall inform the Class of the nature of this litigation, the proposed settlement, and the right of Class Members to opt out or object, and shall be in a form substantially similar to that attached hereto and incorporated herein by reference as **Exhibit A.** The Class Notice shall be distributed solely by publication and shall be published once in a newspaper or magazine with state-wide distribution in the State of Florida. The parties have selected two (2) USA Today regional papers. Furthermore, Plaintiff and Class Counsel will support the Settlement and will take no action inconsistent with such support.

The electronic data containing the Class Member list shall be returned to the Defendant's counsel and Class Counsel shall certify that they are not in possession of any copies or other data containing this information. Class Counsel agree to return any hard copies of the data to Defendant's counsel, destroy or delete any electronic records relating to the class member list, and provide certification of having done so within five (5) business days from the date this Agreement is signed by the Parties. The electronic data or other documents containing the Class Members list shall be held in trust by Defendant's Counsel and not destroyed or disposed of until the terms and conditions of dismissal and payment under this Settlement Agreement have been completed by the Parties. Should it be necessary to continue with the Lawsuit, the electronic data or other Class Member list will be returned to Class Counsel for their use in providing other required notices in this case.

B.     The settlement shall be administered by Defendant. The cost of providing publication notice to the Class shall be borne by Defendant.

C.     Plaintiff and Defendant shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving the Agreement following the Fairness Hearing before the Court. Among other things, the Final Order and Judgment shall include provisions that dismiss the Litigation with prejudice, approve the proposed relief to the Class, award compensation to the Plaintiff and attorney's fees, expenses, and costs to Class Counsel, and grant the individual and class releases described in this Agreement.

D.     Defendant's agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Class Action. In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Preliminary Approval Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in Article IV of this Agreement is not met or any termination right under Section 5.2 of this Agreement is exercised, then the Preliminary Approval Order, the Final Approval Order, this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved without further order of the Court, deemed null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to, among other things, (i) oppose any efforts by the Plaintiff to pursue this action as a class action, and (ii) all other defenses, rights, and positions shall

in all respects be unaffected and preserved as shall those rights of Plaintiff and the

Settling Class.

    2.2    <u>The Class</u>. The Class is defined in Section 1.3 above. It is possible that

some members of the Class may have filed bankruptcy proceedings or died during the

Class Period. The orders presented to the Court shall address that issue.

    2.3    <u>Settlement Consideration</u>.   Subject to the terms of this Agreement,

Defendant agrees to provide the following relief to Plaintiff and the Class:

    A.    <u>Cy Pres Contribution</u>- Defendant shall pay to Hillsborough County Bar Foundation as a *cy pres* distribution on behalf of the Class the total sum of $50,000.00, which represents 10% of maximum statutory recovery against the Defendant in this case. Within 10 days after the Effective Date, Defendant shall submit proof to the Plaintiff's counsel that a check in the amount of $50,000.00, made payable to the *cy pres* beneficiary, has been presented to the beneficiary.

    B.    <u>Stipulated Equitable Relief</u> – Defendant represents and warrants that it has already corrected the issue related to the legibility of the validation notice in its collection communications. Defendant agrees to implement sufficient modifications to the wording of its validation notice to address the disputed issues contained in the Complaint in this Litigation (the "Stipulated Modifications"). Defendant agrees to cease the use of the letters containing the disputed language on or before April 20, 2009 and will provide Class Counsel and the Court with its proposed language of the Stipulated Modifications for Class Counsel's review and approval. Within seven (7) days, Class Counsel will either: (1) notify Defendants that Class Counsel agree that the proposed language of the Stipulated Modifications fully addresses the disputed issues contained in the Complaint in this Litigation, in which case that language will be the Stipulated Modifications; or (2) provide Defendant with suggested alternative language for the Stipulated Modifications, which, if Defendants agree to the suggested language as proposed by Class Counsel, will be the Stipulated Modifications. If the parties are unable to agree regarding the proposed language of the Stipulated Modifications within seven (7) days after Class Counsel provide Defendant with proposed alternative language, the parties will submit a joint motion to the Court seeking guidance from the Court regarding the language of the Stipulated Modifications.

On the same date as the Parties move for entry of the Final Order and Judgment, the Parties will jointly submit a Stipulation to the Court that Defendant has discontinued the use of the disputed letters and has successfully implemented the use of the Stipulated Modifications in all written initial communications with Florida consumers. The Final Order will also stipulate that RMS will not use the disputed language in the future and shall continue to use the Stipulated Modification for a period of no less than two (2) years from the Effective Date.[1] Subject to the foregoing, Defendant may elect to modify the Stipulated Modification during this two 2 year period from the Effective Date, if either: (1) the alteration or modification is approved by an independent compliance attorney or program or (2) RMS uses the model language for thirty day validation disclosure recommended by ACA International. The Parties agree that any modification or change made more than two (2) years from the Effective Date will not require independent review or approval. When seeking entry of the Final Order and Judgment, the Parties will jointly request that the Stipulation be incorporated into the Final Judgment and Order. The Stipulated Modification shall be incorporated into the Settlement Agreement and shall serve as equitable relief benefiting the respective Class. By agreeing to this term, Defendant does *not* waive any defenses or rights under the federal or Florida law nor consent or agree that any modification was necessary to cure any alleged illegal language or conduct.

C.   Class Plaintiff- Defendant will also pay Plaintiff the total amount of $2,000.00 as consideration for her service as Class Representative in this case.

D.   Class Notice and Settlement Administration.   Defendant shall bear the costs of class notification and further administration.

E.   Attorney's Fees and Costs.   Defendants shall pay Class Counsel their reasonable attorney's fees, expenses, and costs of in an amount up to $125,000, as approved by the Court, no later than ten (10) business days after the Effective Date. Defendant has agreed to pay the amount of attorneys' fees and costs as set forth in this paragraph, subject to the

---

[1] The Parties agree that this condition shall not apply when the modification to the language is necessary to conform to any changes or amendments to the statutory requirements contained in Section 1692g. RMS shall have the right to amend or modify the validation language pursuant to Section 1692g at any time in order to ensure compliance with Section 1692g due to any statutory changes or court opinions in which the continued use of the then-existing disclosure may be deemed a violation.

approval of the Court, and will not object to Class Counsel's application to the court for an award in this amount for prosecution of this action. Class Counsel agree not to seek any additional fees, expenses, or costs. Class Counsel shall be solely responsible for the distribution of these funds to all vendors, creditors, or participating attorneys, experts, or other consultants and services, which may have claim to these funds.

2.4     Class Members' Release and Exclusive Remedy.

A.     Upon entry of the Final Order and Judgment, each Class Member, including the Plaintiff, on behalf of such Class Members and of any person claiming by or through each such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee shall be deemed to release and forever discharge the Released Parties, from any and all of the Released Claims.

B.     The relief described herein is the exclusive method of recovery and exclusive remedy for all Class Members for any and all of the Released Claims, and shall be in lieu of any other remedy or right of action against the Released Parties for the Released Claims. Accordingly, the Released Parties shall not be subject to liability of any kind to any Class Member with respect to any of the Released Claims, other than as set forth in this Agreement.

C.     Each Class Member, upon the Court's entry of a Final Order and Judgment, shall be enjoined by that Order from instituting or maintaining any action for the Released Claims against the Released Parties. The Court's Final Order and Judgment shall enjoin such actions for the

Released Claims.   The Court shall retain jurisdiction over the administration of this Agreement and may use its equitable powers to enforce this Agreement.

2.5    Bar of Contribution Related Claims by Non-Defendant.   The proposed Final Order and Judgment shall provide that all claims related to this Litigation for contribution, indemnification or reimbursement, however denominated, against Defendant arising under state or federal law, shall be extinguished, discharged, satisfied, barred and enjoined.

2.6    Class Counsel's Attorneys Fees and Expenses.   Class Counsel and Defendant have separately agreed that Defendant shall pay Class Counsel's attorney's fees, expenses, and costs, as approved by the Court, in an amount no greater than a fixed sum that has been previously agreed to in mediation.   The agreed sum represents Class Counsel's total claim to attorney's fees and costs.   These funds shall be separately distributed to Class Counsel as provided above in Section 2.3.E.

2.7    Attorney's Fees of Individual Class Members.   Any Class Member or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel paid under Section 2.3.E hereof, shall be paid by the Class Member or other person.

2.8    No Admission of Liability by Defendant.   The parties and their attorneys stipulate that this Agreement does not constitute an admission by Defendant, that any claim or fact alleged by any party in the Class Action is true or correct, and Defendant

expressly denies any liability or wrongdoing whatsoever in connection with matters which are the subject of the Class Action.

2.9     Objection and Opt Out Period for Class Members.

A.     Class Members, or any other person, shall notify the Court, Class Counsel, and counsel for Defendant, in writing, of their intent to object as set forth in the Class Notice to one or more of the terms of this Agreement or the Conditional Order.

B.     Subject to Court approval, the Preliminary Approval Order will require that such notice of objections shall include:

(1)     a concise statement of each objection being made;

(2)     a detailed description of the facts underlying each objection;

(3)     a detailed description of the legal authorities underlying each objection;

(4)     a statement of whether the objector intends to appear at the Fairness Hearing;

(5)     a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

(6)     a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

C.     Subject to Court approval, the Preliminary Approval Order shall further provide that: Class Members, and all other interested persons shall file

such notice of objections or opt outs with the Court and serve such notice of objections or opt outs upon Class Counsel and counsel for Defendant at the addresses set forth in Section 5.7 no later than June 19, 2009, which is twenty-one days (21) days prior to the final Fairness Hearing of July 10, 2009. Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections.

2.10    Opt Outs.  Class members may opt out of the Settlement by sending a written request for exclusion no later than June 19, 2009, which is twenty-one days (21) days prior to the final Fairness Hearing of July 10, 2009, to the Clerk with a copy to Class Counsel and defense counsel.

2.11  Mutual Limited Confidentiality.  The Parties agree to the following mutual limited confidentiality terms (the "Mutual Limited Confidentiality Agreement"), which shall take effect upon the execution of this Agreement by the Parties:

A.      Other than facilitating the settlement, dismissal, administration and closure of this case, the Parties, including Class Counsel and Defense Counsel expressly agree that they will not directly or indirectly contact or reveal to, or through any media, including but not limited to, the news media, newsletters, web-sites, chat rooms, blogs, consumer protection organizations, including those representing or consisting of consumers,

consumer protection organizations, organizations of consumer attorneys, or organizations whose purpose is to provide information to attorneys or cause to be published or disseminated to the general public or in advertising or promotional material; the existence and/or details of this Litigation or the terms and conditions contained in this Settlement Agreement.

B.   If either Party is contacted by the news media or any third party, that Party will not discuss the terms and conditions of said settlement and/or other details of the settlement, or the Litigation, other than to confirm that the Litigation settled on terms both Parties believe to be fair, reasonable, and adequate.

C.   Class Counsel agree to immediately remove any reference of this case from any web-site owned or controlled by the law firms or lawyers employed as Class Counsel in this case and not to have any reference of any kind to this case on such website or websites in the future.

The Mutual Limited Confidentiality Agreement does not apply to or affect Class Counsel's right and obligation to discuss the terms and conditions of the Settlement Agreement with any prospective Class Member.  The Mutual Limited Confidentiality Agreement also does not restrict Class Counsel from referring to this Litigation, excluding the specific terms and conditions of this Settlement Agreement, in the course of representation of future or existing clients or to demonstrate the skill and experience of

the lawyers involved for court required events such as fee hearings or class certification experience.

The Mutual Limited Confidentiality Agreement is subject to orders of any duly authorized court or governmental agency.  If either Party is requested or ordered by a court or governmental agency to disclose information otherwise protected by the Mutual Limited Confidentiality Agreement, that Party will notify the other Party within a reasonable amount of time of receiving notice of the request or order so that the other Party may appear and oppose it.

## Article III

## Representations and Warranties

3.1     <u>Representations and Class Counsel's Warranties</u>.  Class Counsel represent and warrant that they believe the settlement set forth in this Agreement is in the best interests of the Plaintiff and Class Members.  However, such representations shall not constitute the giving of legal advice to Defendant, who stipulates it is relying on the legal advice of its own attorneys in deciding whether to enter into this settlement. Class Counsel further warrant that they have no other current or former employees of their law firms, or their spouses, or any other retained client who is a Class Member who has been specifically retained or contacted for the purpose of deliberately opting out of this Settlement Agreement in order to continue with individual claims against the Defendant regarding the issues or disputes involved in this lawsuit.

3.2     <u>Representations and Warranties of the Plaintiff.</u>   Plaintiff represents and warrants as follows:

  A. that on the date of execution of this Agreement she is the owner of the individual claims asserted in the Litigation, she has not assigned, pledged (except to her attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Effective Date, she will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

  B. that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any party in the Class Action Complaint is true or correct, and Defendant has always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of this litigation.

**ARTICLE IV**
**CONDITIONS TO CLOSING**

4.1     <u>Conditions.</u>   The foregoing agreements of Plaintiff and Defendant are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendant's obligation to provide the class the relief described herein and to proceed with closing shall be subject to the satisfaction of each of

Page 19 of 26

the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by Defendant):

    A.    the Effective Date shall have occurred;

    B.    the Court shall have approved and signed a Final Judgment that includes a release of all of the Released Claims;

    C.    Defendant and Plaintiff shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and;

    D.    the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

**ARTICLE V**
**MISCELLANEOUS PROVISIONS**

5.1    <u>Appeals.</u>  In the event that an appeal is taken by a Class Member or any other person from the Order Granting Preliminary Approval of the Settlement or the Final Order and Judgment, the parties to this Agreement agree to jointly support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of Plaintiff, Class Counsel, or Defendant to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

5.2     Termination.  This Agreement shall be terminable by either Plaintiff or the Defendant upon five (5) Business Days written notice in the event that any of the terms, conditions, or representations of the Agreement are not adhered to by the Court or the Parties.  If this Agreement is terminated, Plaintiff, Defendant, and each of the Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendant and Plaintiff into these settlement discussions, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement, shall be deemed to be null and void and of no force and effect.

In that event, the parties will jointly notify the Court of the need to proceed with the case and the need to re-set deadlines and dates under the existing Scheduling Order.

5.3     Distribution of Settlement Funds.  Subject to Approval of the Court, the settlement funds will be distributed as follows:

A.      Within ten (10) days after the Effective Date, checks representing the distribution due to Plaintiff and Class Counsel described above will be sent by Defendant to Class Counsel.

B.      Within ten (10) days after the Effective Date, a check representing the *cy pres* distribution on behalf of the Class will be sent by Defendant to the Hillsborough County Bar Foundation.

5.4     No Admission.  The Parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without

agreement by any Party to any of the allegations made by another Party. The Parties and their attorneys further stipulate that nothing contained in this Agreement, the supporting documents, or the negotiations leading up to this Agreement shall be construed as an admission of liability or wrongdoing of any kind, and in the event that this Agreement is terminated this Agreement shall not act or be construed as a waiver of any claim or defense that Defendant or Plaintiff may have in the Litigation.

5.5    Entire Agreement. This Agreement, including all referenced Exhibits, is the entire agreement of the Parties. All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

5.6    Modification. No modification of this Agreement may be made, except by written agreement executed by Plaintiff, Class Counsel, and Defendant, and approved by the Court.

5.7    Notices. All notices between and to Class Counsel and Defendant required under this Agreement shall be sent by first class U.S. Mail, by hand delivery, or by any other verifiable means, to the recipients designated in this Agreement. The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by other verifiable means). The persons designated to receive notice are as follows:

Class Counsel

      FRAZIER CARRAWAY, ESQUIRE
      SAXON, GILMORE, CARRAWAY & GIBBONS, P.A.

Fifth Third Plaza
201 E. Kennedy Blvd., Ste 600
Tampa, FL 33602

THOMAS LASH, ESQUIRE
LASH & WILCOX, PL
4006 S. MacDill Ave.
Tampa, FL   33611

JAMES E. FELMAN, ESQUIRE
KATHERINE EARLE YANES, ESQUIRE
KYNES, MARKMAN & FELMAN, P.A.
100 S. Ashley Drive, Ste 1300
Tampa, FL 33602

Defense Counsel

ERNEST H. KOHLMYER, III, ESQUIRE
BELL, ROPER & KOHLMYER, P.A.
2707 Jefferson Street
Orlando, Florida 32803

DAVID M. SCHULTZ
Hinshaw & Culbertson LLP
Suite 300
222 North LaSalle Street
Chicago, IL  60601

5.8     Execution in Counterparts.     This Agreement may be executed in any

number of counterparts and each of which when so executed shall be deemed an original

and all of which taken together shall constitute one and the same Agreement.

5.9     Applicable Law.     This Agreement shall be governed by and shall be

construed and enforced in accordance with the laws of the United States and the State of

Florida without regard to any conflict of law provision in said laws of the State of Florida

that might otherwise require the application of the laws of a jurisdiction other than that of

the State of Florida to the performance, validity, construction, or enforcement of this Agreement.

    5.10    <u>Headings</u>.    Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

    5.11    <u>Benefit of Agreement</u>.  The Agreement shall be binding upon and inure to the benefit of the parties hereto, the Class Members, the Released Persons, and their respective successors, heirs, and assigns.  Nothing in this Agreement is intended to or shall be construed to give any other person or corporation any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

    5.12    <u>Place of Performance</u>.  This Agreement shall be performed in the Middle District of Florida.

    5.13    <u>Best Efforts</u>.  All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

    5.14    <u>Parties Are Equal Drafters</u>.  The parties shall be deemed to have drafted this agreement equally, and the settlement documents shall not be construed strictly against Plaintiff or Defendant.

## SIGNATURE PAGE

**IN WITNESS WHEREOF**, the PLAINTIFF has executed this Settlement Agreement on the date set forth below.

_Marcia Gaalswijk-Knetzke_ (signature)

MARCIA GAALSWIJK-KNETZKE

Date: _3/25/09_

**STATE OF FLORIDA**

**COUNTY OF HILLSBOROUGH**

**BEFORE ME**, the undersigned authority, on this day personally appeared MARCIA GAALSWIJK-KNETZKE, known to me to be the person who executed the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on _March 25_, 2009.

_Vickie L. Hackett_ (signature)

NOTARY PUBLIC,
STATE OF FLORIDA

My Commission Expires: _____

Page 25 of 26

## SIGNATURE PAGE

**IN WITNESS WHEREOF**, the DEFENDANT has executed this Settlement
Agreement on the date set forth below.

_[signature]_

THE RECEIVEABLES MANAGEMENT SERVICES
CORP., by its authorized representative

MICHAEL S. KRONENFELD
Print Name

Title: _CFO_

Date: _MARCH 26, 2009_

STATE OF _PENNSYLVANIA_

COUNTY OF _LEHIGH_

**BEFORE ME**, the undersigned authority, on this day personally appeared
_MICHAEL S. KRONENFELD_ known to me to be the person who executed the
foregoing instrument and acknowledged to me that he executed the same for the purposes
and consideration therein expressed.

Given under my hand and seal of office on _MARCH 26,_ , 2009.

NOTARY PUBLIC, _Patricia A Figura_
STATE OF _PENNSYLVANIA_
My Commission Expires: _10/11/2010_

```
NOTARIAL SEAL
PATRICIA A FIGURA
Notary Public
BETHLEHEM CITY, LEHIGH COUNTY
My Commission Expires Oct 11, 2010
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA GAALSWYK-KNETZKE, an
individual, on behalf of herself
and all others similarly situated,

        Plaintiff,

                                   Case No. 8:08-CV-493-T-26-TGW

vs.

THE RECEIVABLE MANAGEMENT
SERVICES, CORP

        Defendant.

_____/

## NOTICE OF CLASS ACTION

**TO:**   **ALL RESIDENTS OF FLORIDA WHO RECEIVED A COLLECTION LETTER FROM THE RECEIVABLE MANAGEMENT SERVICES, CORP. BETWEEN MARCH 14, 2006 AND APRIL 20, 2009.**

**NOTICE IS HEREBY GIVEN THAT,** pursuant to the Order of the United States

District Court for the Middle District of Florida, (the "Court"), dated _____,

2009, it was determined that the above-captioned lawsuit may be settled on behalf of a

Class of Plaintiffs (the "Class") pursuant to Fed. R. Civ. P. 23 and defined as follows:

> All residents of the State of Florida who received debt collection notices and/or letters from RMS relating to a consumer debt on or after March 14, 2006.

**Summary of the Litigation**

Plaintiff Marcia Gaalswijk-Knetzke sued the Receivable Management Services

Corporation (RMS). She alleged RMS violated the Fair Debt Collection Practices Act

**EXHIBIT**

**A**

(FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). RMS sent collection letters to consumers in Florida that were required by law to contain a notice about the consumer's legal rights. The lawsuit alleges that the notice in RMS's collection letter was confusing and misleading, and also was printed in a way that made it difficult to read.

Defendant denies that it has any liability to Plaintiff or the Class, but has agreed to settle this case based on the likely high cost of protracted litigation. The FDCPA and the FCCPA provides for actual and statutory damages and payment of costs and reasonable attorneys' fees to a successful plaintiff. The lawsuit seeks only statutory damages. The maximum amount of statutory damages the class could recover in this class action under the FDCPA and the FCCPA is $500,000.00 or 1% of Defendant's net worth, whichever is less. Because the Class is large, even if the Court were to award the maximum amount allowed by law, such amount would be a very small amount per class member.

For a complete statement of all the contentions and proceedings in this case, you should consult the files relating to this lawsuit, which are available for your inspection at the office of the Clerk of the United States District Court for the Middle District of Florida, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602.

**Certification of the Class**

The Class was certified, pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), as a class action. The Court has appointed Plaintiff, MARCIA GAALSWYK-KNETZKE as the representative of the Class, and her attorneys, SAXON, GILMORE, CARRAWAY, &

GIBBONS, P.A.; LASH & WILCOX, PL; and KYNES, MARKMAN & FELMAN, P.A., as Counsel for the Class.

**Settlement of the Lawsuit**

Under the terms of the proposed settlement, Defendant has agreed to provide the following relief to Plaintiff and the Class:

A.      Defendant agrees to pay to the Hillsborough County Bar Foundation as a cy pres distribution on behalf of the Class the total sum of $50,000.00.

B.      Defendant agrees to also pay Plaintiff  the total amount of $2,000.00, as compensation for her service as Class Representative.

C.      Defendant has agreed to bear the costs of notice and class administration, and to pay Class Counsel attorney's fees, expenses, and court costs as approved by the Court.

D.      Class Counsel agrees to petition to Court for an award of attorney's fees, costs, and expenses of no more than $125,000.00 for approval by the Court. Class Counsel have agreed not to seek any additional fees, expenses, and costs.

E.      Defendant has already voluntarily taken care of the issue this lawsuit raised regarding the legibility of its collection notices.  Defendant has also agreed to change the existing language of its debt collection letters to modify the language this lawsuit alleged was confusing and misleading.

Upon final approval of the settlement, the Court will enter a judgment dismissing the lawsuit with prejudice and releasing Defendant of all liability to Plaintiff and the Class

for the Released Claims. Class Counsel believes that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Class.

**Options of Class Members**

If you are a Class Member, you have the following options:

a. **You may remain a Class Member.** If you choose to remain a Class Member, you do not need to take any action. Your interests as a Class Member will be represented by the Class Representative and Class Counsel. You will not be charged for their services. You will be bound by any judgment or final disposition of this case.

b. **You may retain your own attorney to represent you.** If you select this option, you should retain your own attorney and discuss your options with that attorney. You may be responsible for paying your own attorney's fees.

c. **You may request exclusion from the Class.** If you choose to be excluded from the Class, you will not be bound by any judgment or other final disposition of this lawsuit. If you wish to be excluded or "opt out" of the Class, you must mail your request to opt out, postmarked no later than June 19, 2009, to the following address:

Clerk of the United States District Court
for the Middle District of Florida
United States Courthouse
801 North Florida Avenue
Tampa, FL 33602

You must also mail a copy of your request to opt out, postmarked no later than June 19, 2009, to Class Counsel and Counsel for Defendant at the following addresses:

JAMES E. FELMAN, ESQUIRE
KATHERINE EARLE YANES, ESQUIRE
KYNES, MARKMAN & FELMAN, P.A.
100 S. Ashley Drive, Ste 1300
Tampa, FL 33602
CLASS COUNSEL

and:

ERNEST H. KOHLMYER, III, ESQUIRE
BELL, ROPER & KOHLMEYER, P.A.
2707 Jefferson Street
Orlando, Florida 32803
ATTORNEY FOR DEFENDANT

**d. You may object to the Settlement.**  If you wish to object to the settlement, your objection must state your name, address, the case name and number, and the information described below.  You or your attorney must sign your objection personally.  You must file your objection with the Clerk of Court by mailing it to the address above, postmarked on or before June 19, 2009.  You must also mail a copy of your objection, postmarked on or before June 19, 2009, to Class Counsel and Counsel for Defendant at the addresses listed above.

No member of the Class, or any other person, will be heard at the Fairness Hearing in opposition to the Settlement, Class Counsel's proposed attorneys' fees and expenses, or the proposed payments to Class Representative unless, by June 19, 2009, that Class Member or other person files with the Clerk of the Court and serves upon Class Counsel

and Defendant's Counsel the following: (i) a written statement of the position the person wishes to assert; (ii) a written statement of the legal grounds for that position; (iii) copies of any papers or other documents the person wishes to rely on it support of his or her position; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) and a list of witnesses whom the objector may call by live testimony, oral deposition testimony, or affidavit during the Fairness Hearing, together with a summary of each witness' anticipated testimony.  Class Members and any other persons who fail to file their objections properly or timely with the Court Clerk, or fail to timely serve such notices and objections on Class Counsel and Defendant's Counsel, will not be heard during the Fairness Hearing and the Court will not consider their objections.  Any notice required by this paragraph shall be served on Class Counsel and Defendant's Counsel by mail, hand-delivery, or facsimile transmission.

Until the Fairness Hearing described above, or further order of the Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of said written collection communications or letters.

**Fairness Hearing**

NOTICE IS HEREBY GIVEN THAT a hearing will be held before the Honorable Richard A. Lazzara, United States District Judge for the Middle District of Florida, on July 10, 2009, at 9:00 a.m., at the United States Courthouse, 801 North Florida Avenue,

Tampa, FL 33602. This hearing will be held to determine if the proposed settlement is fair, reasonable, and adequate and should be approved and the lawsuit dismissed with prejudice. If the proposed settlement is approved, it will be binding and will release Defendant from any and all claims that were asserted or could have been asserted by any of the Class Members.

Questions concerning this class action litigation should be directed to Class Counsel at the addresses above.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK.**

ENTER:

_____
**HON. RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

DATED: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA GAALSWYK-KNETZKE, an
individual, on behalf of herself
and all others similarly situated,

        Plaintiff,

                                  Case No. 8:08-CV-493-T-26-TGW

vs.

THE RECEIVABLE MANAGEMENT
SERVICES, CORP.

        Defendant.
_____/

## NOTICE OF CLASS ACTION

**TO:**  **ALL RESIDENTS OF FLORIDA WHO RECEIVED A COLLECTION LETTER FROM THE RECEIVABLE MANAGEMENT SERVICES, CORP. BETWEEN MARCH 14, 2006 AND APRIL 20, 2009.**

**NOTICE IS HEREBY GIVEN THAT,** pursuant to the Order of the United States

District Court for the Middle District of Florida, (the "Court"), dated _____,

2009, it was determined that the above-captioned lawsuit may be settled on behalf of a

Class of Plaintiffs (the "Class") pursuant to Fed. R. Civ. P. 23 and defined as follows:

All residents of the State of Florida who received debt collection notices and/or letters from RMS relating to a consumer debt on or after March 14, 2006.

**Summary of the Litigation**

Plaintiff Marcia Gaalswyk-Knetzke sued the Receivable Management Services

Corporation (RMS).  She alleged RMS violated the Fair Debt Collection Practices Act

Page 1 of 7

(FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). RMS sent collection letters to consumers in Florida that were required by law to contain a notice about the consumer's legal rights. The lawsuit alleges that the notice in RMS's collection letter was confusing and misleading, and also was printed in a way that made it difficult to read.

Defendant denies that it has any liability to Plaintiff or the Class, but has agreed to settle this case based on the likely high cost of protracted litigation. The FDCPA and the FCCPA provides for actual and statutory damages and payment of costs and reasonable attorneys' fees to a successful plaintiff. The lawsuit seeks only statutory damages. The maximum amount of statutory damages the class could recover in this class action under the FDCPA and the FCCPA is $500,000.00 or 1% of Defendant's net worth, whichever is less. Because the Class is large, even if the Court were to award the maximum amount allowed by law, such amount would be a very small amount per class member.

For a complete statement of all the contentions and proceedings in this case, you should consult the files relating to this lawsuit, which are available for your inspection at the office of the Clerk of the United States District Court for the Middle District of Florida, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602.

**Certification of the Class**

The Class was certified, pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), as a class action. The Court has appointed Plaintiff, MARCIA GAALSWYK-KNETZKE as the representative of the Class, and her attorneys, SAXON, GILMORE, CARRAWAY, &

GIBBONS, P.A.; LASH & WILCOX, PL; and KYNES, MARKMAN & FELMAN, P.A., as Counsel for the Class.

**Settlement of the Lawsuit**

Under the terms of the proposed settlement, Defendant has agreed to provide the following relief to Plaintiff and the Class:

A.  Defendant agrees to pay to the Hillsborough County Bar Foundation as a cy pres distribution on behalf of the Class the total sum of $50,000.00.

B.  Defendant agrees to also pay Plaintiff the total amount of $2,000.00, as compensation for her service as Class Representative.

C.  Defendant has agreed to bear the costs of notice and class administration, and to pay Class Counsel attorney's fees, expenses, and court costs, subject to the terms of the Class Action Settlement Agreement, as approved by the Court.

D.  Defendant has already voluntarily modified the issue this lawsuit raised regarding the legibility of its collection notices. Defendant has also agreed to change the existing language of its debt collection letters to address the language this lawsuit alleged was confusing and misleading.

Upon final approval of the settlement, the Court will enter a judgment dismissing the lawsuit with prejudice and releasing Defendant of all liability to Plaintiff and the Class for the Released Claims. Class Counsel believes that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Class.

**Options of Class Members**

If you are a Class Member, you have the following options:

a.  **You may remain a Class Member.**  If you choose to remain a Class Member, you do not need to take any action.  Your interests as a Class Member will be represented by the Class Representative and Class Counsel.  You will not be charged for their services.  You will be bound by any judgment or final disposition of this case.

b.  **You may retain your own attorney to represent you.**  If you select this option, you should retain your own attorney and discuss your options with that attorney. You may be responsible for paying your own attorney's fees.

c.  **You may request exclusion from the Class.**  If you choose to be excluded from the Class, you will not be bound by any judgment or other final disposition of this lawsuit.  If you wish to be excluded or "opt out" of the Class, you must mail your request to opt out, postmarked no later than June 19, 2009, to the following address:

Clerk of the United States District Court
for the Middle District of Florida
United States Courthouse
801 North Florida Avenue
Tampa, FL 33602

You must also mail a copy of your request to opt out, postmarked no later than June 19, 2009, to Class Counsel and Counsel for Defendant at the following addresses:

JAMES E. FELMAN, ESQUIRE
KATHERINE EARLE YANES, ESQUIRE
KYNES, MARKMAN & FELMAN, P.A.
100 S. Ashley Drive, Ste 1300

Tampa, FL 33602
CLASS COUNSEL

and:

ERNEST H. KOHLMYER, III, ESQUIRE
BELL, ROPER & KOHLMYER, P.A.
2707 JEFFERSON STREET
ORLANDO, FLORIDA 32803
ATTORNEY FOR DEFENDANT

**d. You may object to the Settlement.** If you wish to object to the settlement, your objection must state your name, address, the case name and number, and the information described below.  You or your attorney must sign your objection personally.  You must file your objection with the Clerk of Court by mailing it to the address above, postmarked on or before June 19, 2009.  You must also mail a copy of your objection, postmarked on or before June 19, 2009, to Class Counsel and Counsel for Defendant at the addresses listed above.

No member of the Class, or any other person, will be heard at the Fairness Hearing in opposition to the Settlement, Class Counsel's proposed attorneys' fees and expenses, or the proposed payments to Class Representative unless, by June 19, 2009, that Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Defendant's Counsel the following: (i) a written statement of the position the person wishes to assert; (ii) a written statement of the legal grounds for that position; (iii) copies of any papers or other documents the person wishes to rely on it support of his or her position; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) and a list of witnesses whom the objector may call by live testimony, oral

deposition testimony or affidavit during the Fairness Hearing, together with a summary of each witness' anticipated testimony. Class Members and any other persons who fail to file their objections properly or timely with the Court Clerk, or fail to timely serve such notices and objections on Class Counsel and Defendant's Counsel, will not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Defendant's Counsel by mail, hand-delivery, or facsimile transmission.

Until the Fairness Hearing described above, or further order of the Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of said written collection communications or letters.

**Fairness Hearing**

NOTICE IS HEREBY GIVEN THAT a hearing will be held before the Honorable Richard A. Lazzara, United States District Judge for the Middle District of Florida, on July 10, 2009, at 9:00 a.m., at the United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602. This hearing will be held to determine if the proposed settlement is fair, reasonable, and adequate and should be approved and the lawsuit dismissed with prejudice. If the proposed settlement is approved, it will be binding and will release Defendant from any and all claims that were asserted or could have been asserted by any of the Class Members.

Questions concerning this class action litigation should be directed to Class Counsel at the addresses above.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK.**

ENTER:

_____

**HON. RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

DATED: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA GAALSWYK-KNETZKE, an
individual, on behalf of herself
and all others similarly situated,

        Plaintiff,

                              Case No. 8:08-CV-493-T-26-TGW

vs.

THE RECEIVABLE MANAGEMENT
SERVICES, CORP.

        Defendant.

_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

This cause comes before the court on the joint motion of Plaintiff and Defendant for preliminary approval of a Class Action Settlement Agreement. Pursuant to Federal Rule of Civil Procedure 23(e), the parties have submitted a proposed Settlement Agreement to the court for preliminary approval, and the proposed Settlement Agreement has been filed in the papers in this cause. The Parties have requested approval of; (1) the terms of the proposed Settlement Agreement; and (2) the form and method of publication of the notice to the Class.

After consideration of the evidence, the papers filed in the above-referenced cause, and the argument of counsel, this court has made a preliminary determination that the proposed settlement of the claims of the class against Defendant appears to be fair, adequate, and reasonable, and therefore, within the range of approval. The Court finds that in light of the size of the class and the limitations on Defendant's potential liability set forth in 15 U.S.C. Section 1692k and/or Section 559.77 Fla. Stat., even the maximum statutory penalty would generate no more than a *de minimus* recovery to each individual class member. The Court further finds that notice by publication is an appropriate method of providing notice to the class of the terms of the settlement and their right to object and that the proposed form of the notice is adequate and will



give all Class Members sufficient information to enable them to make intelligent decisions as to whether to remain Class Members, object to the proposed settlement and its terms, or opt out of the class settlement.

### IT IS THEREFORE, ORDERED THAT:

1.     Pursuant to Federal Rule of Civil Procedure 23(e), the Class has been certified on August 14, 2008 and is defined as: **All residents of the State of Florida who received debt collection notices and/or letters from RMS relating to a consumer debt on or after March 14, 2006.**

2.     The Court will hold a Fairness Hearing, pursuant to Rule 23, at the time and place indicated below for purposes of determining: (1) whether the proposed settlement is fair, reasonable and adequate, and should, therefore, be finally approved, (2) the amount of the attorney's fees and expenses that should be awarded to Class Counsel; and (3) the award to the Class Representative.

3.     The Fairness Hearing shall be held on July 10, 2009 at 9:00 a.m. at:

> United States District Court
> Middle District of Florida, Tampa Division
> United States Courthouse, Courtroom 15B
> 801 North Florida Avenue
> Tampa, FL 33602

4.     Plaintiff has been appointed as the Class Representative for the Class, and the following attorneys have been appointed as Class Counsel:

> FRAZIER CARRAWAY, ESQUIRE
> SAXON, GILMORE, CARRAWAY & GIBBONS, P.A.
> Fifth Third Plaza
> 201 E. Kennedy Blvd., Ste 600
> Tampa, FL 33602
> (813) 314-4555 Fax

THOMAS LASH, ESQUIRE
LASH & WILCOX, PL
4006 S. MacDill Ave.
Tampa, FL 33611
(813) 314-4555 Fax

JAMES E. FELMAN, ESQUIRE
KATHERINE EARLE YANES, ESQUIRE
KYNES, MARKMAN & FELMAN, P.A.
100 S. Ashley Drive, Ste 1300
Tampa, FL 33602
(813) 221-6750 Fax

5.  Class Notice, in the form attached as Exhibit 1, shall be given by the Defendant or its
    designated claims administrator to the settlement class by causing the notice to be
    published in a newspaper with state-wide distribution in the State of Florida,
    specifically, the two (2) regional USA Today newspapers.  Such publication shall
    take place no later than 30 days from the entry of this Order.

6.  No member of the class, or any other person, shall be heard at the Fairness Hearing in
    opposition to class settlement, Class Counsels' proposed attorney's fees and
    expenses, or the proposed Class Representative's award unless not later than 5:00
    p.m. on June 19, 2009, which is twenty-one (21) days  prior to the Fairness Hearing,
    such Class Member or other person files with the Clerk of the Court and serves upon
    counsel listed below an objection containing, at a minimum, the following
    information: (i) a statement of each objection being made, including the facts
    underlying each objection and any legal authorities underlying such objection; (ii) a
    statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list
    of witnesses whom the objector may call by live testimony, oral testimony, or
    affidavit during the Fairness Hearing.

7.  Class Members, or any other persons objecting to the proposed settlement, shall file
    any such objections and notices with the Clerk of Court and serve their notice of
    objections upon Class Counsel and Counsel, for the Defendant no later than June 19,
    2009, at the following addresses:

Clerk of the United States District Court
for the Middle District of Florida
United States Courthouse
801 North Florida Avenue
Tampa, FL 33602

JAMES E. FELMAN, ESQUIRE
KATHERINE EARLE YANES, ESQUIRE
KYNES, MARKMAN & FELMAN, P.A.
100 S. Ashley Drive, Ste 1300
Tampa, FL 33602
CLASS COUNSEL

and:

ERNEST H. KOHLMYER, III, ESQUIRE
BELL, ROPER & KOHLMEYER, P.A.
2707 Jefferson Street
Orlando, Florida 32803
COUNSEL FOR THE DEFENDANT

8.  Class Members, or any other persons, who fail to properly or timely file their notices
    and objections with the Court, or fail to timely serve such notices or objections on
    Class Counsel and Counsel for the Defendant, shall not be heard during the Fairness
    Hearing and the Court will not consider their objections. Any notice required by this
    paragraph shall be served on Class Counsel and Counsel for the Defendant by United
    States Mail, hand-delivery, or facsimile transmission. No objection shall be heard by
    the Court that does not comply with these requirements, is not timely filed with the
    Court, or is not timely served on listed counsel.

9.  Class members who wish to exclude themselves from the Class, or "opt out," shall
    send a written opt out notice to the Clerk of Court and serve the written opt out notice
    upon Class Counsel and Counsel at the addresses listed above. To be effective, the
    written opt out notice must be signed by the person requesting exclusion from the
    Class and must include that person's full name, address, and telephone number, along
    with a statement that the person wishes to be excluded from the Class. Any class

member who submits a valid and timely written opt out notice will be excluded from the proposed Settlement, will not be bound by the terms of the Settlement Agreement or any final judgment in this matter, and will not be precluded from filing or prosecuting any individual claim that person might have against Defendant.

10. Until the Fairness Hearing described above, or further order of this court, all Class Members are hereby preliminary enjoined and ordered not to file, institute or prosecute any lawsuit or claim against the Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions, occurrences as are alleged in this case, such as Defendant's use of the above described collection letters.

11. This order shall not be construed or deemed to be a finding of this court or evidence of a presumption, implication, concession, or admission by the Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms or if the Settlement Agreement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in this connection therewith shall be without prejudice and to the *status quo ante* rights of the parties to this action.

Signed this _____ day of _____, 2009.

_____
HON. RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA GAALSWYK-KNETZKE, an
individual, on behalf of herself
and all others similarly situated,

        Plaintiff,

                              Case No. 8:08-CV-493-T-26-TGW

vs.

THE RECEIVABLE MANAGEMENT
SERVICES, CORP.

        Defendant.

_____/

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
## AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL

       This cause comes before the Court for final approval of the Class Action

Settlement Agreement and for dismissal of this action pursuant to the terms of the Class

Action Settlement Agreement, due notice to the Class having been given pursuant to the

Court's order of _____, 2009.

       The parties appeared through their respective attorneys of record and announced

ready to proceed, and the Court conducted a final fairness hearing on the proposed class

settlement as contemplated by Fed. R. Civ. P. 23.

       THE COURT HEREBY FINDS THAT:

       1.    The parties entered into a Class Action Settlement Agreement

("Settlement Agreement") dated as of _____, 2009.



2.      Within ten days of filing the proposed settlement with the Clerk of the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

3.      By Order dated _____, 2009, the Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified the settlement class, consisting of:

> **All residents of the State of Florida who received debt collection notices and/or letters from RMS relating to a consumer debt on or after March 14, 2006.**

4.      The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. Defendant denies Plaintiff's allegations and asserts, *inter alia*, that its conduct was not in violation of either Act. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

5.      On August 14, 2008, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court made a determination that the settlement class was certifiable under Fed. R. Civ. P. 23(b)(2) and 23(b)(3);

6.      On _____, 2009, after consideration of evidence, the papers filed in the above-referenced case, the Court made a preliminary determination that the proposed settlement of the claims of the class against Defendant appeared to be fair, adequate, and reasonable, and therefore, within the range of approval.

7.      The Notice of Class Action that was approved by the Court and published by Defendant gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendant, Defendant's defenses, the terms of the settlement, the proposed relief to the Class Members, the proposed compensation to the Class Representative, the payment to Class Counsel, and the method by which they could object to, or opt-out of, the Settlement.

8.      Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was published in two (2) regional USA Today newspapers on _____, 2009.

9.      [No objections were received and no members of the Settlement Class sought leave of this Court to intervene.] OR [Objections to the settlement were received from _____, and _____ opt outs were validly filed, and after considering the evidence offered in support of such objections, the Court finds that they should be, and are hereby overruled.]

10.     The procedures set forth in the Settlement Agreement and the preliminary approval order for objecting are fair, adequate, and reasonable.

11.     The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

12.     The Settlement Agreement calls for Defendant to provide the following relief to Plaintiff and the Class:

A.      Defendant shall pay to Hillsborough County Bar Foundation as a *cy pres* distribution on behalf of the Class the total sum of $50,000.00.

B.      Defendant will also pay Plaintiff a total amount of $2,000.00, as compensation for her service as Class Representative. Defendant has also agreed to bear the costs of class administration, and to pay the reasonable attorney's fees, costs and expenses to Plaintiff's attorney up to $125,000.00, as approved by this Court.

C.      That equitable relief under Fed. R. Civ. 23(b)(2) is allowed by F.S. § 559.77(2). Defendant voluntarily addressing the issue this lawsuit raised concerning the legibility of its collection letters. RMS has further agreed to discontinue the use of the collection letters containing the language that Plaintiff alleged in this lawsuit was confusing and misleading. The Parties have stipulated to modifications of the wording of the validation notice, and RMS ceased using letters containing the disputed language by April 20, 2009. The Stipulation of the Parties is attached to this Order and incorporated into it.

13.     The settlement is hereby granted final approval.

14.     Defendant shall pay the $2,000.00 to Plaintiff and $50,000.00 *cy pres* award to Hillsborough County Bar Foundation no later than (10) days after the Effective Date as defined in the Settlement Agreement.

15.     The Court finds that Class Counsel has secured such relief for the benefit of the Class, and that they should be compensated for their reasonable and necessary attorney's fees and expenses in this case in the amount of $_____, which is to be paid by Defendant in addition to the compensation to Plaintiff and the Class. Such fees

and expenses are to be paid no later than (10) days after the Effective Date as defined in the Settlement Agreement.

16.     The Court finds the settlement to be fair, adequate and reasonable based upon the limitations on class liability created by 15 U.S.C. § 1692k and F.S. § 559.77(2) and the fact that there has been no admission of wrongdoing, and Defendant have not been found to have acted unlawfully. **[IF ACCURATE** - Furthermore, the complete lack of any objections by class members is further evidence of the fairness, reasonableness, and adequacy of the settlement.]

17.     The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class.

18.     As to any Class Members who are or were involved in bankruptcy proceedings, whose causes of action might otherwise be considered property of the estate as that term is defined by 11 U.S.C. § 541(a), it appears to the Court that: (i) it would have been unlikely that said Members would have been aware of the technical statutory claims of said causes of action; and (ii) the potential recovery on said claims as well as the disputed nature of same would have resulted in the abandonment of same. The Court therefore concludes that the claims, if any, belong to the Class Members, that they were the proper parties for notice, and that all such persons are also bound by this final judgment.

**IT IS THEREFORE, ORDERED THAT:**

i.      The Settlement Agreement dated _____, 2009, is hereby approved.

ii.      For Marcia Gaalswyk-Knetzke, her heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges The Receivable Management Services, Corp. and all of its past, present, and future principals, members, corporate parents, corporate subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that she may have against them as of the date of this order, it being the Court's intent to release all claims of any kind or nature, known or unknown, rising pursuant to contract, tort, common law, or regulation, that Marcia Gaalswyk-Knetzke may have against the parties herein released. Furthermore, all claims, rights, and causes of action that Defendant may have against Plaintiff in her individual capacity are hereby released and forever discharged.

iii.      For the Class, and the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges Receivable Management Services, Corp., and all of its past, present and future principals, members, corporate parents, corporate subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents,

representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, which now exist or which may hereafter accrue on or before April 20, 2009, relating to or arising out of any similar allegations of violations of 15 U.S.C. § 1692 and Florida Statute § 559.55 et. seq. as set forth in the Complaint.

iv.     Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have arising out of or relating to the released claims. Defendant hereby agrees that it shall be barred identically from pursuing any claims for relief against Plaintiff or against any member of the Class arising out of the filing of this action.

v.     The underlying debts that Defendant was attempting to collect, via the letters at issue, are in no way affected by this judgment, and nothing contained herein or in the Settlement Agreement shall prevent Defendant or its successors in interest from continuing to attempt to collect the debts allegedly owed by the Class Members.

vi.     Defendant shall distribute the settlement funds as described above.

vii.     This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

viii.      All claims for contribution, indemnification or reimbursement, however denominated, against Defendant arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendant are hereby extinguished, discharged, satisfied, barred, and enjoined.

ix.      Except for the relief granted in this judgment, all remaining claims of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs.

x.      This order resolves all claims against all parties in this action and is a final order. The Clerk is directed to close this case.

Signed this _____ day of _____, 2009.


_____
HON. RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE