IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA GAALSWYK-KNETZKE, an
individual, on behalf of herself
and all others similarly situated,

        Plaintiff,

                                    Case No. 8:08-CV-493-T-26-TGW

vs.

THE RECEIVABLE MANAGEMENT
SERVICES, CORP.

        Defendant.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT AGREEMENT

      This cause comes before the court on the joint motion of Plaintiff and Defendant for preliminary approval of a Class Action Settlement Agreement. Pursuant to Federal Rule of Civil Procedure 23(e), the parties have submitted a proposed Settlement Agreement to the court for preliminary approval, and the proposed Settlement Agreement has been filed in the papers in this cause. The Parties have requested approval of: (1) the terms of the proposed Settlement Agreement; and (2) the form and method of publication of the notice to the Class.

      After consideration of the evidence, the papers filed in the above-referenced cause, and the argument of counsel, this court has made a preliminary determination that the proposed settlement of the claims of the class against Defendant appears to be fair, adequate, and reasonable, and therefore, within the range of approval. The Court finds that in light of the size of the class and the limitations on Defendant's potential liability set forth in 15 U.S.C. Section 1692k and/or Section 559.77 Fla. Stat., even the maximum statutory penalty would generate no more than a *de minimus* recovery to each individual class member. The Court further finds that notice by publication is an appropriate method of providing notice to the class of the terms of the settlement and their right to object and that the proposed form of the notice is adequate and will

give all Class Members sufficient information to enable them to make intelligent decisions as to whether to remain Class Members, object to the proposed settlement and its terms, or opt out of the class settlement.

**IT IS THEREFORE, ORDERED THAT:**

1. Pursuant to Federal Rule of Civil Procedure 23(e), the Class has been certified on August 14, 2008 and is defined as: **All residents of the State of Florida who received debt collection notices and/or letters from RMS relating to a consumer debt on or after March 14, 2006.**

2. The Court will hold a Fairness Hearing, pursuant to Rule 23, at the time and place indicated below for purposes of determining: (1) whether the proposed settlement is fair, reasonable and adequate, and should, therefore, be finally approved, (2) the amount of the attorney's fees and expenses that should be awarded to Class Counsel; and (3) the award to the Class Representative.

3. The Fairness Hearing shall be held on July 10, 2009 at 9:00 a.m. at:

>United States District Court
>Middle District of Florida, Tampa Division
>United States Courthouse, Courtroom 15B
>801 North Florida Avenue
>Tampa, FL 33602

4. Plaintiff has been appointed as the Class Representative for the Class, and the following attorneys have been appointed as Class Counsel:

>FRAZIER CARRAWAY, ESQUIRE
>SAXON, GILMORE, CARRAWAY & GIBBONS, P.A.
>Fifth Third Plaza
>201 E. Kennedy Blvd., Ste 600
>Tampa, FL 33602
>(813) 314-4555 Fax

THOMAS LASH, ESQUIRE
LASH & WILCOX, PL
4006 S. MacDill Ave.
Tampa, FL 33611
(813) 314-4555 Fax

JAMES E. FELMAN, ESQUIRE
KATHERINE EARLE YANES, ESQUIRE
KYNES, MARKMAN & FELMAN, P.A.
100 S. Ashley Drive, Ste 1300
Tampa, FL 33602
(813) 221-6750 Fax

5. Class Notice, in the form attached as Exhibit A, shall be given by the Defendant or its designated claims administrator to the settlement class by causing the notice to be published in a newspaper with state-wide distribution in the State of Florida, specifically, the two (2) regional USA Today newspapers. Such publication shall take place no later than 30 days from the entry of this Order.

6. No member of the class, or any other person, shall be heard at the Fairness Hearing in opposition to class settlement, Class Counsels' proposed attorney's fees and expenses, or the proposed Class Representative's award unless not later than 5:00 p.m. on June 19, 2009, which is twenty-one (21) days prior to the Fairness Hearing, such Class Member or other person files with the Clerk of the Court and serves upon counsel listed below an objection containing, at a minimum, the following information: (i) a statement of each objection being made, including the facts underlying each objection and any legal authorities underlying such objection; (ii) a statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector may call by live testimony, oral testimony, or affidavit during the Fairness Hearing.

7. Class Members, or any other persons objecting to the proposed settlement, shall file any such objections and notices with the Clerk of Court and serve their notice of objections upon Class Counsel and Counsel, for the Defendant no later than June 19, 2009, at the following addresses:


Clerk of the United States District Court
for the Middle District of Florida
United States Courthouse
801 North Florida Avenue
Tampa, FL 33602

JAMES E. FELMAN, ESQUIRE
KATHERINE EARLE YANES, ESQUIRE
KYNES, MARKMAN & FELMAN, P.A.
100 S. Ashley Drive, Ste 1300
Tampa, FL 33602
CLASS COUNSEL

and:

ERNEST H. KOHLMYER, III, ESQUIRE
BELL, ROPER & KOHLMEYER, P.A.
2707 Jefferson Street
Orlando, Florida 32803
COUNSEL FOR THE DEFENDANT

8. Class Members, or any other persons, who fail to properly or timely file their notices and objections with the Court, or fail to timely serve such notices or objections on Class Counsel and Counsel for the Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Counsel for the Defendant by United States Mail, hand-delivery, or facsimile transmission. No objection shall be heard by the Court that does not comply with these requirements, is not timely filed with the Court, or is not timely served on listed counsel.

9. Class members who wish to exclude themselves from the Class, or "opt out," shall send a written opt out notice to the Clerk of Court and serve the written opt out notice upon Class Counsel and Counsel at the addresses listed above. To be effective, the written opt out notice must be signed by the person requesting exclusion from the Class and must include that person's full name, address, and telephone number, along with a statement that the person wishes to be excluded from the Class. Any class

member who submits a valid and timely written opt out notice will be excluded from the proposed Settlement, will not be bound by the terms of the Settlement Agreement or any final judgment in this matter, and will not be precluded from filing or prosecuting any individual claim that person might have against Defendant.

10. Until the Fairness Hearing described above, or further order of this court, all Class Members are hereby preliminary enjoined and ordered not to file, institute or prosecute any lawsuit or claim against the Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions, occurrences as are alleged in this case, such as Defendant's use of the above described collection letters.

11. This order shall not be construed or deemed to be a finding of this court or evidence of a presumption, implication, concession, or admission by the Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms or if the Settlement Agreement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in this connection therewith shall be without prejudice and to the *status quo ante* rights of the parties to this action.

Signed this 27 day of March, 2009.

HON. RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA GAALSWYK-KNETZKE, an
individual, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.                                Case No. 8:08-CV-493-T-26-TGW

THE RECEIVABLE MANAGEMENT
SERVICES, CORP

    Defendant.
_____/

### NOTICE OF CLASS ACTION

TO:   ALL RESIDENTS OF FLORIDA WHO RECEIVED A COLLECTION LETTER FROM THE RECEIVABLE MANAGEMENT SERVICES, CORP. BETWEEN MARCH 14, 2006 AND APRIL 20, 2009.

**NOTICE IS HEREBY GIVEN THAT,** pursuant to the Order of the United States District Court for the Middle District of Florida, (the "Court"), dated March 27, 2009, 2009, it was determined that the above-captioned lawsuit may be settled on behalf of a Class of Plaintiffs (the "Class") pursuant to Fed. R. Civ. P. 23 and defined as follows:

    All residents of the State of Florida who received debt collection notices and/or letters from RMS relating to a consumer debt on or after March 14, 2006.

**Summary of the Litigation**

Plaintiff Marcia Gaalswijk-Knetzke sued the Receivable Management Services Corporation (RMS). She alleged RMS violated the Fair Debt Collection Practices Act

Page 1 of 7



(FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). RMS sent collection letters to consumers in Florida that were required by law to contain a notice about the consumer's legal rights. The lawsuit alleges that the notice in RMS's collection letter was confusing and misleading, and also was printed in a way that made it difficult to read.

Defendant denies that it has any liability to Plaintiff or the Class, but has agreed to settle this case based on the likely high cost of protracted litigation. The FDCPA and the FCCPA provides for actual and statutory damages and payment of costs and reasonable attorneys' fees to a successful plaintiff. The lawsuit seeks only statutory damages. The maximum amount of statutory damages the class could recover in this class action under the FDCPA and the FCCPA is $500,000.00 or 1% of Defendant's net worth, whichever is less. Because the Class is large, even if the Court were to award the maximum amount allowed by law, such amount would be a very small amount per class member.

For a complete statement of all the contentions and proceedings in this case, you should consult the files relating to this lawsuit, which are available for your inspection at the office of the Clerk of the United States District Court for the Middle District of Florida, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602.

**Certification of the Class**

The Class was certified, pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), as a class action. The Court has appointed Plaintiff, MARCIA GAALSWYK-KNETZKE as the representative of the Class, and her attorneys, SAXON, GILMORE, CARRAWAY, &

GIBBONS, P.A.; LASH & WILCOX, PL; and KYNES, MARKMAN & FELMAN, P.A., as Counsel for the Class.

**Settlement of the Lawsuit**

Under the terms of the proposed settlement, Defendant has agreed to provide the following relief to Plaintiff and the Class:

A. Defendant agrees to pay to the Hillsborough County Bar Foundation as a cy pres distribution on behalf of the Class the total sum of $50,000.00.

B. Defendant agrees to also pay Plaintiff the total amount of $2,000.00, as compensation for her service as Class Representative.

C. Defendant has agreed to bear the costs of notice and class administration, and to pay Class Counsel attorney's fees, expenses, and court costs as approved by the Court.

D. Class Counsel agrees to petition to Court for an award of attorney's fees, costs, and expenses of no more than $125,000.00 for approval by the Court. Class Counsel have agreed not to seek any additional fees, expenses, and costs.

E. Defendant has already voluntarily taken care of the issue this lawsuit raised regarding the legibility of its collection notices. Defendant has also agreed to change the existing language of its debt collection letters to modify the language this lawsuit alleged was confusing and misleading.

Upon final approval of the settlement, the Court will enter a judgment dismissing the lawsuit with prejudice and releasing Defendant of all liability to Plaintiff and the Class

for the Released Claims. Class Counsel believes that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Class.

**Options of Class Members**

If you are a Class Member, you have the following options:

a. **You may remain a Class Member.** If you choose to remain a Class Member, you do not need to take any action. Your interests as a Class Member will be represented by the Class Representative and Class Counsel. You will not be charged for their services. You will be bound by any judgment or final disposition of this case.

b. **You may retain your own attorney to represent you.** If you select this option, you should retain your own attorney and discuss your options with that attorney. You may be responsible for paying your own attorney's fees.

c. **You may request exclusion from the Class.** If you choose to be excluded from the Class, you will not be bound by any judgment or other final disposition of this lawsuit. If you wish to be excluded or "opt out" of the Class, you must mail your request to opt out, postmarked no later than June 19, 2009, to the following address:

Clerk of the United States District Court
for the Middle District of Florida
United States Courthouse
801 North Florida Avenue
Tampa, FL 33602

Page 4 of 7

You must also mail a copy of your request to opt out, postmarked no later than June 19, 2009, to Class Counsel and Counsel for Defendant at the following addresses:

JAMES E. FELMAN, ESQUIRE
KATHERINE EARLE YANES, ESQUIRE
KYNES, MARKMAN & FELMAN, P.A.
100 S. Ashley Drive, Ste 1300
Tampa, FL 33602
CLASS COUNSEL

and:

ERNEST H. KOHLMYER, III, ESQUIRE
BELL, ROPER & KOHLMEYER, P.A.
2707 Jefferson Street
Orlando, Florida 32803
ATTORNEY FOR DEFENDANT

**d. You may object to the Settlement.** If you wish to object to the settlement, your objection must state your name, address, the case name and number, and the information described below. You or your attorney must sign your objection personally. You must file your objection with the Clerk of Court by mailing it to the address above, postmarked on or before June 19, 2009. You must also mail a copy of your objection, postmarked on or before June 19, 2009, to Class Counsel and Counsel for Defendant at the addresses listed above.

No member of the Class, or any other person, will be heard at the Fairness Hearing in opposition to the Settlement, Class Counsel's proposed attorneys' fees and expenses, or the proposed payments to Class Representative unless, by June 19, 2009, that Class Member or other person files with the Clerk of the Court and serves upon Class Counsel

and Defendant's Counsel the following: (i) a written statement of the position the person wishes to assert; (ii) a written statement of the legal grounds for that position; (iii) copies of any papers or other documents the person wishes to rely on it support of his or her position; (iv) a statement of whether the objector intends to appear at the Fairness Hearing; (v) and a list of witnesses whom the objector may call by live testimony, oral deposition testimony, or affidavit during the Fairness Hearing, together with a summary of each witness' anticipated testimony. Class Members and any other persons who fail to file their objections properly or timely with the Court Clerk, or fail to timely serve such notices and objections on Class Counsel and Defendant's Counsel, will not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Defendant's Counsel by mail, hand-delivery, or facsimile transmission.

Until the Fairness Hearing described above, or further order of the Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of said written collection communications or letters.

**Fairness Hearing**

NOTICE IS HEREBY GIVEN THAT a hearing will be held before the Honorable Richard A. Lazzara, United States District Judge for the Middle District of Florida, on July 10, 2009, at 9:00 a.m., at the United States Courthouse, 801 North Florida Avenue,

Tampa, FL 33602. This hearing will be held to determine if the proposed settlement is fair, reasonable, and adequate and should be approved and the lawsuit dismissed with prejudice. If the proposed settlement is approved, it will be binding and will release Defendant from any and all claims that were asserted or could have been asserted by any of the Class Members.

Questions concerning this class action litigation should be directed to Class Counsel at the addresses above.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK.**

ENTER:

HON. RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

DATED: March 17, 2009