IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA GAALSWYK-KNETZKE, an
individual, on behalf of herself
and all others similarly situated,

        Plaintiff,

                                       Case No. 8:08-CV-493-T-26-TGW

vs.

THE RECEIVABLE MANAGEMENT
SERVICES, CORP.

        Defendant.

_____/

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
## AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's order of March 27, 2009.

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23.

THE COURT HEREBY FINDS THAT:

1.    The parties entered into a Class Action Settlement Agreement ("Settlement Agreement") dated as of March 26, 2009.

2.      Within ten days of filing the proposed settlement with the Clerk of the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

3.      By Order dated March 27, 2009, the Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified the settlement class, consisting of:

> **All residents of the State of Florida who received debt collection notices and/or letters from RMS relating to a consumer debt on or after March 14, 2006.**

4.      The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. Defendant denies Plaintiff's allegations and asserts, *inter alia*, that its conduct was not in violation of either Act. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

5.      On August 14, 2008, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court made a determination that the settlement class was certifiable under Fed. R. Civ. P. 23(b)(2) and 23(b)(3):

6.      On March 27, 2009, after consideration of evidence, the papers filed in the above-referenced case, the Court made a preliminary determination that the proposed settlement of the claims of the class against Defendant appeared to be fair, adequate, and reasonable, and therefore, within the range of approval.

7.      The Notice of Class Action that was approved by the Court and published by Defendant gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendant, Defendant's defenses, the terms of the settlement, the proposed relief to the Class Members, the proposed compensation to the Class Representative, the payment to Class Counsel, and the method by which they could object to, or opt-out of, the Settlement.

8.      Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was published in two (2) regional USA Today newspapers on April 21, 2009.

9.      No objections were received and no members of the Settlement Class sought leave of this Court to intervene.

10.     The procedures set forth in the Settlement Agreement and the preliminary approval order for objecting are fair, adequate, and reasonable.

11.     The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

12.     The Settlement Agreement calls for Defendant to provide the following relief to Plaintiff and the Class:

A.      Defendant shall pay to Hillsborough County Bar Foundation as a *cy pres* distribution on behalf of the Class the total sum of $50,000.00.

B.      Defendant will also pay Plaintiff a total amount of $2,000.00, as compensation for her service as Class Representative. Defendant has also agreed to bear the costs of class administration, and to pay the reasonable

attorney's fees, costs and expenses to Plaintiff's attorney up to $125,000.00, as approved by this Court.

C.      That equitable relief under Fed. R. Civ. 23(b)(2) is allowed by F.S. § 559.77(2). Defendant has voluntarily addressed the issue this lawsuit raised concerning the legibility of its collection letters. RMS has further agreed to discontinue the use of the collection letters containing the language that Plaintiff alleged in this lawsuit was confusing and misleading. The Parties have stipulated to modifications of the wording of the validation notice, and RMS ceased using letters containing the disputed language by April 20, 2009. The Stipulation of the Parties is attached to this Order and incorporated into it.

13.     The settlement is hereby granted final approval.

14.     Defendant shall pay the $2,000.00 to Plaintiff and $50,000.00 *cy pres* award to Hillsborough County Bar Foundation no later than (10) days after the Effective Date as defined in the Settlement Agreement.

15.     The Court finds that Class Counsel has secured such relief for the benefit of the Class, and that they should be compensated for their reasonable and necessary attorney's fees and expenses in this case in the amount of $125,000.00, which is to be paid by Defendant in addition to the compensation to Plaintiff and the Class. Such fees and expenses are to be paid no later than (10) days after the Effective Date as defined in the Settlement Agreement.

16.     The Court finds the settlement to be fair, adequate and reasonable based upon the limitations on class liability created by 15 U.S.C. § 1692k and F.S. § 559.77(2) and the fact that there has been no admission of wrongdoing, and Defendant have not been found to have acted unlawfully.  Furthermore, the complete lack of any objections by class members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

17.     The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class.

18.     As to any Class Members who are or were involved in bankruptcy proceedings, whose causes of action might otherwise be considered property of the estate as that term is defined by 11 U.S.C. § 541(a), it appears to the Court that: (i) it would have been unlikely that said Members would have been aware of the technical statutory claims of said causes of action; and (ii) the potential recovery on said claims as well as the disputed nature of same would have resulted in the abandonment of same. The Court therefore concludes that the claims, if any, belong to the Class Members, that they were the proper parties for notice. and that all such persons are also bound by this final judgment.

**IT IS THEREFORE, ORDERED THAT:**

i.      The Settlement Agreement dated March 26, 2009. is hereby approved.

ii.     For Marcia Gaalswyk-Knetzke, her heirs. executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever

discharges The Receivable Management Services, Corp. and all of its past, present, and future principals, members, corporate parents, corporate subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that she may have against them as of the date of this order, it being the Court's intent to release all claims of any kind or nature, known or unknown, rising pursuant to contract, tort, common law, or regulation, that Marcia Gaalswyk-Knetzke may have against the parties herein released. Furthermore, all claims, rights, and causes of action that Defendant may have against Plaintiff in her individual capacity are hereby released and forever discharged.

iii.      For the Class, and the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges Receivable Management Services, Corp., and all of its past, present and future principals, members, corporate parents, corporate subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, which now exist or which may hereafter accrue on or before April 20, 2009, relating to or arising out of any similar allegations of violations of 15 U.S.C. § 1692 and Florida Statute § 559.55 et. seq. as set forth in the Complaint.

iv.     Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have arising out of or relating to the released claims. Defendant hereby agrees that it shall be barred identically from pursuing any claims for relief against Plaintiff or against any member of the Class arising out of the filing of this action.

v.     The underlying debts that Defendant was attempting to collect, via the letters at issue, are in no way affected by this judgment, and nothing contained herein or in the Settlement Agreement shall prevent Defendant or its successors in interest from continuing to attempt to collect the debts allegedly owed by the Class Members.

vi.     Defendant shall distribute the settlement funds as described above.

vii.     This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

viii.     All claims for contribution, indemnification or reimbursement, however denominated, against Defendant arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendant are hereby extinguished, discharged, satisfied, barred, and enjoined.

ix.      Except for the relief granted in this judgment, all remaining claims of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs.

x.      This order resolves all claims against all parties in this action and is a final order. The Clerk is directed to close this case.

Signed this _10_ day of _Oct_, 2009.

HON. RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE